## BENITES *v.* HAMPTON ET AL.

ACCOUNT STATED, WHAT CONSTITUTES—EFFECT OF.—Where the parties to an account, after an examination of it have expressly agreed upon a certain sum of money as the balance justly due from one to the other, then such account becomes an account stated, the effect of which is to establish *prima facie* the accuracy of the balance found due without other proof, and an action thereon is not founded upon the original items of the account, but upon the balance ascertained by the mutual accounting of the parties.

ID.—IMPLIED FROM CIRCUMSTANCES.—It is not necessary in establishing an account stated to show an examination of and an agreed balance due upon the account, but where it is presented for payment by one party thereto to the other, who, when a reasonable time has elapsed after its receipt, makes no objection thereto, it may be legitimately presumed that he was satisfied with the account as presented, which presumption takes the place of an express assent thereto, and the same becomes an account stated. Such presentation may be by mail. Under such circumstances, however, the person sought to be charged must in terms be a party to the account, or the grounds upon which it is sought to hold him as a debtor should be clearly made known to him and a demand for payment made, otherwise no presumption arises from his silence in relation thereto.

ID.—CIRCUMSTANCES INSUFFICIENT TO ESTABLISH AN ACCOUNT STATED.—
Plaintiff sued three defendants, Bicknell, Morrisson, and Hampton, as
constituting the partnership firm of Bricknell, Morrisson & Co., upon
account stated. H. only answered. B. and M. had been partners
up to July 1, 1875, when H. entered the firm, agreeing to become respon-
sible with B. & M. for all debts then existing. The account offered in
evidence was headed "Bicknell & Morrisson, in account with L. Benites,"
and contained a large number of items, some charged up before and some
after H. entered the firm, showing a balance of one thousand six hun-
dred and sixty-three dollars and seventy cents; one item was as follows:
"June 30, 1875, to balance on settlement, charged to Bicknell, Morris-
son, and Hampton, three hundred and fifty dollars and twenty-nine cents."
It did not appear that B., M. & H. were B., M. & Co. Plaintiff caused
the account thus made out to be sent through the post-office at Stockton,
Utah, to H., who resided at Frisco, Utah, but without any accompanying
letter of explanation or other statement as to why the account was sent
to H. H. admitted receiving the account, said he had neglected to write
to plaintiff about it, and claimed a credit not appearing in the account.
The distance between Stockton and Frisco was not shown, nor the fre-
quency of or length of time usually required to transport the mails be-
tween those places, nor did the record disclose when the action was be-
gun: *held*, the account was not established as an account stated, and the
trial court did not err in excluding it from evidence when offered as such.

APPEAL from the third district. The opinion states the
facts.

*E. D. Hoge* and *Arthur Brown*, for the appellant.

No brief on file.

*Marshall & Royle*, for the respondent.

The variance between the allegations and the proofs in this
cause was necessarily fatal: 1 Greenl. Ev., secs. 63, 66, and
note; *Addington* v. *Magan*, 2 Eng. L. & Eq. 327.

The items of the account, as well as any and all claims, for
"goods, wares, and merchandise," became merged in the ac-
count stated: 2 Greenl. Ev., sec. 127; 13 Cal. 427; 4 Wis.
220; 33 Cal. 694; 1 Utah, 317.

TWISS, J.:

The complaint alleges that the defendants, between the
thirtieth day of June, 1875, and the thirty-first day of
August, 1876, were partners, doing business under the firm
name of Bicknell, Morrisson & Co. "That on the thirty-

first day of August, 1876, the said defendants, as partners, were indebted to plaintiff on a balance of account for goods, wares, and merchandise, before that time sold and delivered, in the sum of one thousand six hundred and sixty-three dollars and seventy cents; that being so indebted, as aforesaid, there was an account stated by and between plaintiff and defendants on the thirteenth day of August, A. D. 1878, and upon which statement a balance of one thousand six hundred and sixty-three dollars and seventy cents was found to be due plaintiff from defendants; that the defendants agreed to pay to the plaintiff the said balance; that no part of the same has been paid." And prays judgment for one thousand six hundred and sixty-three dollars and seventy cents.

The separate answer of defendant Hampton is an admission of the partnership of the defendants, as alleged in the complaint; but is a denial of all the other material allegations of the complaint. The other defendants made no answer.

There was evidence from which the jury might well find that Bicknell & Morrisson were partners from about the first day of January to the first day of July in 1875, in the business of burning lime and charcoal; that on or about the last-named day, they caused an inventory of their partnership assets and a statement of their partnership debts to be made, and sold to Hampton one half of their partnership property; in consideration of which he agreed to become responsible for, and did make himself responsible for, and assumed the payment of, one half of the partnership debts of Bicknell & Morrisson existing at that time, and that the plaintiff was a large creditor; that from the first day of July, 1875, to the thirty-first day of August, 1876, the defendants were partners, Bricknell and Morrison each owning one-quarter part interest, and Hampton an interest of one half in the partnership assets or property. That on the thirteenth day of August, 1878, Hampton lived at Frisco, Beaver county, in the territory of Utah, which was his post-office address; that the plaintiff Benites lived at Stockton in this territory, and on the last-named day caused the account which he claims in his complaint to be "an account stated by and between the plaintiff and the defendants," the balance of

which, he alleges, the defendants promised to pay to him, as the balance due on such account stated, to be put into an envelope properly directed to the defendant Hampton at Frisco, Utah Territory, the expenses, fees, and postage thereof and thereon to be prepaid, and deposited the same in the post-office at Stockton in this territory; that Hampton admitted the receipt thereof, and said he neglected to write to the plaintiff about it, or to take any notice to it. But the record fails to show any testimony, as to the distance between Frisco and Stockton, or how long time was necessary or usually taken to convey the mail from Stockton to Frisco, or how frequently it was conveyed between these two places. That defendant Hampton, after this action was commenced, and service upon him was made, acknowledged to the plaintiff that he had received the account, and said that he neglected to write to plaintiff about it, or to take any notice of it; he also said that he ought to have had credit for a certain note by him mentioned and described. But the record before us nowhere shows when the suit was commenced or service upon either of the defendants was made.

The account inclosed in the envelope and sent to Hampton commences as follows:

1871. Bicknell & Morrisson, in account with L. Benites.

1875, April 25. To 20¼ lbs. nails.............$2 00

"     "   30.   "   5 "    "   ............  60

—— $2 60

And from and after the date of this first item there were more or less items of account on almost every day until June 30, 1875, when this item appears in the account: "To balance due on settlement charged to Bicknell, Morrisson & Hampton, three hundred and fifty dollars and twenty-nine cents." The account then has almost daily items, on one side or the other, the last item being: "1876, February 18, a credit of two hundred and ten pounds barley, four dollars and seventy-two cents;" at the bottom or end of the account is, "August 13th, to balance due L. Benites, one thousand six hundred and sixty-three dollars and seventy cents."

This account was offered in evidence by the plaintiff, it was objected to by the defendant, and the court sustained the objection. Upon motion of the defendant Hampton, the court

directed a nonsuit.    The plaintiff excepted, and appealed to this court.

The paramount questions in this case are, Did the district court err in refusing to permit the account to go to the jury, and in sustaining the motion for a nonsuit?

By our statute, a judgment of nonsuit may be entered by the court, upon motion of the defendant, when upon trial the plaintiff fails to prove a sufficient case for the jury.

When the parties to an account have examined it, and have expressly agreed upon a certain sum of money as the balance justly due from one party thereof to the other, then such account has become an account stated, and an action upon it is not founded upon the original items, but upon the balance ascertained by the mutual accounting of the parties.    " Upon an *insimul computasset* the plaintiff is not obliged to give evidence of the articles.    It is sufficient if he prove the account stated:" *Union Bank* v. *Knapp*, 3 Pick. 96.

The effect of an account stated is to establish *prima facie* the accuracy of the balance found due without other proof. The burden of proving that an account is stated or settled is upon the party making such allegation; but it is not always necessary in proving an account stated to show an actual examination of the items of account or demands of the respective parties thereto, or that there has been an express assent or agreement on the part of the party sought to be held liable upon an alleged account stated that it is correct. This may be implied from circumstances.    If an account be presented for payment by one party thereto to the other, and the other party, upon an examination of it and after a reasonable time has elapsed, makes no objection to it, it may be legitimately presumed that he was satisfied with it as presented, and this presumption is so strong that a suit can be maintained upon the account as an account stated, without proof other than that the account was presented with a demand for payment, that reasonable time and opportunity have passed since its presentation for a proper examination of it, and to make objections to it if there be any: *Lockwood* v. *Thorne*, 11 N. Y. 170.    The same rule applies where a party to an account sends it for payment to the other, by mail; if the party to whom it is sent does not, after a reasonable time

has passed, express any objection to it, his silence unexplained is an implied admission that he has none, that the account is correct, and truly though not conclusively stated: *Terry* v. *Sickels*, 13 Cal. 427.

But it is not an estoppel; its effect is to establish *prima facie* the accuracy of balance due as stated in the account without further proof: *Lockwood* v. *Thorne*, 18 N. Y. 285.

But in cases where there is no claim that the alleged account stated is the result of an express assent or agreement to its correctness by the person sought to be charged thereby, such person must in terms be a party to the account; or the grounds upon which it is sought to hold him as a debtor should be clearly made known to him, and a demand for payment should be made. If anything less than this will operate as an admission of the correctness of an account which does not contain as a party thereto the name of the person to whom it may be sent or otherwise delivered, and such admission is a *prima facie* liability for its payment, the law by these means is prostituted to purposes not contemplated by its fathers, who gloried in it as "the perfection of human reasoning." .

In this case, the account " Bicknell & Morrisson, in account with L. Benites," containing about two hundred and fifty items, was placed in an envelope and sent by mail to Hampton, without any accompanying letter or statement expressing why or for what purpose it was sent to him, and without any demand or request for its payment. The firm name of Bicknell, Morrisson & Company nowhere appears in the account, the name "Hampton" once, and in an item as follows: "To balance due on settlement charged to Bicknell, Morrisson & Hampton, three hundred and fifty dollars and ninety-nine cents." There is nothing in this record showing or attempting to show what the subject-matter involved in the settlement was, who it was with, or the parties to the account, or why this balance was charged to Bicknell, Morrisson & Hampton, or why this balance should be charged to the defendant company of Bicknell, Morrisson & Company. Nor does the record show any claim, or attempt to prove, that Bicknell, Morrisson & Hampton were, or that they constituted the defendant firm of Bicknell, Morrisson & Company, or that defend-

ant Hampton knew that the plaintiff intended to hold him on this account as partner of Bicknell and Morrisson, or otherwise, or that this account was sent to him by the plaintiff, or that the plaintiff at that time did, or had at any time, claimed that Hampton was indebted to him as partner or otherwise, by reason of any of the transactions represented by this account.

Neither does the record contain anything tending to show how long time this account was on the way between Stockton and Frisco, or how frequently the mails were transferred from one of these places to the other; and of these matters we can take no judicial notice. The record also fails to inform us when this suit was commenced; for aught that appears, it may have been commenced on the day, day after, or day before Hampton received the account; whether a reasonable time after Hampton had received the account had elapsed or not we can not tell; but it is certain that the record does not show that it had. Judge Story, in his Equity Jurisdiction, sec. 520, says: "Between merchants at home, an account which has been presented, and no objection made thereto, after the lapse of several posts, is treated under ordinary circumstances as being, by acquiescence, a stated account." There is no evidence that even one mail had been conveyed from Frisco to Stockton after the receipt of the account by Hampton, and before the action was commenced; and therefore the record fails to show the existence of the facts and circumstances which must exist before the implication of law arises that the account is correct, and agreed to as correct by Hampton. The plaintiff having failed to prove the existence of the material facts necessary to the existence of an account stated, at the time of the commencement of this action, there was no error on the part of the court in refusing to permit it as such to go to the jury.

And it may further be said that upon trial in the court below, the judge undoubtedly had the papers of the case before him, and from them might and probably did know the date of the commencement of the action; it is but just and fair to presume that he did, we can not say he did not; and error is not to be presumed, it must be affirmatively shown. The date of the commencement of the action, the length of time between

the receipt of the account by Hampton and the commencement of the suit, and the number of mails between Frisco and Stockton during this time may all have been in evidence before the court, and the ruling of the court correct on the facts, or they may not have been in evidence; if they were not, there was a lack of evidence of facts which must have existed, or the account did not become an account stated. In the absence of any testimony on the subject, we can not assume there was error in the rulings of the court, either in refusing to allow the account to be read to the jury, or in sustaining the motion for a nonsuit: *Wiggins* v. *Burkham*, 10 Wall. 129.

The judgment of the district court is affirmed.·

HUNTER, C. J., concurrred.

EMERSON, J., dissenting:

· I am compelled to disagree with the majority of my brothers in this case on several grounds which are assigned as errors in the trial of this case, but deem it unnecessary to go over all the errors assigned, and shall therefore confine myself in this opinion to one main point or feature of the case.

This is an action brought upon an account stated between the plaintiff and defendants.

The complaint states that "on the thirteenth day of August, 1876, the said defendants, as partners, were indebted to plaintiff on a balance of account for goods, wares, and merchandise before that time sold and delivered, in the sum of one thousand six hundred and sixty-three dollars and seventy cents. That being so indebted as aforesaid, there was an account stated by and between plaintiff and defendants on the thirteenth day of August, A. D. 1878, and upon such statement a balance of one thousand six. hundred and sixty-three dollars and seventy cents was found to be due from defendants."

But one of the defendants was served with summons or answered. Hampton in his answer denies both of the foregoing allegations, and issues were joined upon them.

It is claimed by the attorneys for plaintiff that they had the right under this state of the pleadings to prove the sale etc., of the goods under the first allegation, and also that an

account had been stated, under the second. I do not deem it necessary, from the view I take of the case, to decide this point.

I may assume all that has been said by my brother Twiss in the majority opinion to be a correct statement of the law, where the proper case for such law is presented; but in this case, I take it the argument by him has no application whatever. All that has been said by the majority of the court as regards the stating of an account by implication from the fact of the mailing of the account to the defendant Hampton at Frisco appears to me to be an evidence that the actual case as presented by the evidence was overlooked by them. If, as they assume, the plaintiff had depended upon the establishing of an account stated by showing that the same was made out and mailed to defendant at his place of residence in another part of the territory, it would possibly have been necessary to have shown that there was a mail between the two points, and the usual time it would take for a letter to go from the point of mailing to the point of destination. But this is not the case made by the record. It of course does appear from the testimony of the plaintiff that the account marked "Exhibit A" was so made out and mailed; but it is further shown that this same account was the subject of conversation between the plaintiff and defendant Hampton; that in that conversation Hampton admitted that he had received the account, and that it was correct.

Now, if this does not make an account stated by the positive and uncontradicted statements of the defendant, it would be very hard indeed to find a case where proof could be made that an account had been stated between parties at all. It makes no difference that the account as sent to Hampton was, for a page or two, against Bicknell and Morrisson, as that was balanced up and the balance brought down and charged to the defendants in this case as the first item of the charge, and in pursuance of the agreement between the three defendants to this action, as sworn to by one of them, H. O. Bicknell. It will not do to say that, because this account, as claimed by plaintiff to have been sent to Hampton, his admission that the same had been received by him, that it was correct, and that he owed it (except possibly a matter of two hundred dollars,

which he claimed should have been credited to him), had the names of Bicknell & Morrisson and their account preceding it, Hampton can so trifle with justice and escape upon what does not appear to me to be even a technicality.

In addition to the foregoing facts, which appear on the record of this case on pages 29, 42, and 43, it is also shown that plaintiff's counsel gave notice to defendants to produce the statement of the account so admitted to have been received, and the same was by them produced in court, thus removing all doubt upon the question of his having so received it. The testimony further shows that the conversation which took place between plaintiff and defendant has reference to this document, and none other, as the witness first examined identifies it as the one he sent, and then says: "This conversation was about the one you hold in your hand, and he admitted that account to be correct."

How any stronger case could have been made to show an account had been stated is, as before stated, beyond my comprehension; and why the majority of the court could have overlooked or disregarded all these facts is something I do not very clearly understand. From their opinion, I gather the idea they have assumed there is no evidence tending to show an account stated, except by presumption, from the testimony, which shows that this account was made out and mailed to the defendant Hampton at Frisco, his place of residence. I might have been willing to have concurred with my brothers if such had been the only evidence. On the trial, the evidence tending to prove an account stated was excluded on the ground of variance between the form of the account declared on and the form of the one attempted to be proved. It was claimed and ruled that because the writing containing the account began with the words, as a heading, "Bicknell & Morrisson," there was a variance from the allegation, which stated generally that there was an account stated between plaintiff and defendants. I can not agree with this view.

No particular form of account was alleged, and none was necessary. If the minds of the parties met on any balance, that would be an account stated; and any evidence tending to show that their minds did meet would be pertinent in what-

ever form it might be stated. It might ostensibly be made to third parties entirely, or it might have no heading at all, containing merely rough figures, or it might be verbal, and not even in writing. Certainly, the objection of variance would not be good when no particular form is alleged in the complaint.