[No. 1687.  Decided June 20, 1895.]

MILTON H. WILSON *et al.*, *Appellants*, v. R. P. WALDRON, *Respondent.*

ACTION ON ACCOUNT— PLEADING AND PROOF — EVIDENCE—NEW TRIAL— SURPRISE — NEWLY DISCOVERED EVIDENCE.

In an action upon an account for merchandise sold and delivered between certain dates, in which the complaint nowhere alleges any accounting between the parties, the plaintiff cannot, without amendment, substitute on the trial a cause of action upon an account stated, and thus deprive defendant of the right to disprove the sale and delivery of the goods.

In an action upon an open account, in which defendant denied that he ever ordered or received the goods, evidence as to whether he had ever notified plaintiff of his selling out is immaterial.

Where a counsel desires special instructions adapted to particular phases of the case as presented by the evidence, he should submit requests therefor.

In an action for goods sold and delivered to which the defendant had filed a general denial, plaintiff is not entitled to a new trial on the ground of surprise, because of the testimony of the defendant denying that he had ever ordered or received the goods.

The denial of a motion for a new trial based upon newly discovered evidence is not erroneous, when neither the materiality of the evidence nor the exercise of due diligence in attempting to secure it are reasonably made to appear from the affidavit supporting the motion.

*Appeal from Superior Court, Chehalis County.*

*T. D. Schofield,* for appellants.

*M. J. Cochran,* for respondent.

The opinion of the court was delivered by

GORDON, J.—We cannot agree with appellants' contention that this action is upon an account stated. The complaint alleges an indebtedness upon an account for

merchandise sold and delivered between certain dates, and sets out the items, but nowhere alleges any accounting. The original transactions were still open for proofs, and the court committed no error in failing to charge the jury that respondent was estopped from denying that he ever ordered or received the goods. To enable one to recover upon an account stated he must declare upon it as such. *McCormick Harvesting Machine Co. v. Wilson*, 39 Minn. 467 (40 N. W. 571).

It was not the right of appellants, without amendment, to substitute upon the trial for the cause of action set out in the complaint one founded upon an account stated, and thereby exclude evidence tending to disprove the sale and delivery of the goods.

We think the court committed no error in sustaining an objection to the following question asked respondent on cross-examination, viz: "Did you notify the plaintiff that you had sold out?" No obligation rested on him to do so, and whether he did or not was wholly immaterial.

The charge of the court was sufficiently comprehensive to embrace all of the issues raised by the pleadings, and if counsel desired special instructions adapted to particular phases of the case as presented by the evidence, he should have submitted requests therefor. This he failed to do.

We have examined the record and find that the verdict is not without evidence to support it. Its sufficiency, therefore, became a question for the jury, under proper instructions from the court, which, as has been said, were given.

Nor did the court err in denying appellants' motion for a new trial upon the ground of surprise and newly discovered evidence. In support of such motion ap-

pellants filed certain affidavits and exhibits, which have been brought up in the record and received our consideration. In one of such affidavits the learned counsel for appellants states that he was "surprised by the testimony given on said trial by the defendant Waldron, wherein said Waldron swore that he never ordered the goods described in the plaintiffs' bill of account; that he never authorized any one to order said goods, and never received said goods." Such testimony was entirely consistent and harmonized with respondent's defense as disclosed by his answer in the case. Issue was joined in this cause in June, 1893; the trial did not occur until late in February, 1894; and we think that in contemplation of law appellants could not have been surprised by this testimony within the meaning of the statute which permits a new trial to be granted "for accident or surprise which ordinary prudence could not have guarded against."

Nor do we think the "newly discovered evidence" sufficient to have warranted the lower court in granting a new trial; first, because the affidavit of Hennessy does not show that he was in the employ of respondent at any time during the period embraced within the account, as declared upon by plaintiffs. That he had, during the year 1891 and in 1892, been in the employ of respondent was in no wise material, unless he was employed by respondent at the time the account was incurred. This does not necessarily or reasonably appear from his affidavit. Secondly, if material, appellants had ample time to, and by the exercise of due diligence we are bound to presume could, have secured this testimony upon the trial. At least, the record affords no sufficient reason for their failure so to do.

We are unable to discover any substantial error in

the record, and feel that we would be unwarranted in disturbing the verdict of the jury in the cause.

The judgment appealed from is affirmed.

SCOTT, ANDERS and DUNBAR, JJ., concur.

HOYT, C. J., dissents.