[Civil No. 2689. Filed February 6, 1928.]

[263 Pac. 939.]

ELTON E. KUNSELMAN, Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY, a Corporation, and ARIZONA EASTERN RAILROAD COMPANY, a Corporation, Appellees.

Messrs. Clark & Clark, for Appellant.

Messrs. Baker & Whitney, for Appellees.

LOCKWOOD, J.—Elton E. Kunselman, hereinafter called plaintiff, brought suit against Southern Pacific Railroad Company, a corporation, and Arizona Eastern Railroad Company, a corporation, hereinafter called defendants. After the usual formal allegations, he set up his cause of action as follows:

"That the defendants are indebted to the plaintiff in the sum of thirty thousand dollars ($30,000), on account of services rendered and moneys advanced, to and for the benefit of the said defendants and at their special instance and request, between the 2d day of January, 1919, and the 5th day of December, 1921, which said sum of money the defendants agreed to and promised to repay to this plaintiff: that the plaintiff has demanded payment of the said sum from the said defendants, but that the said defendants have neglected and refused to pay the same, or any part thereof; and that the whole thereof is now due and owing and unpaid from the defendants to this plaintiff."

This complaint was filed on the fourth day of December, 1924.

No further action was taken until November 28th, 1925, when summons was issued, which was served on the defendants in the early part of December. The latter filed a motion to make the complaint more definite and certain, which motion was granted in part by the court; but plaintiff, instead of complying with said order, on January 5th, 1926, filed an amended complaint in which his cause of action was stated in the following language:

"That between the 2d day of January, 1919, and the 5th day of December, 1920, the plaintiff and the defendants had certain business dealings and relations each with the other, in the course of which the plaintiff rendered certain services and advanced certain moneys to and for the benefit of said defendants, at their special instance and request; that on said last-mentioned date, to wit, December 5th, 1920, an account of said money and services was stated between plaintiff and said defendants wherein, and whereby it was then and there agreed that the defendants were indebted to the plaintiff in the sum of thirty thousand dollars ($30,000.00), which sum so agreed to be owing as aforesaid the defendants then and there promised and agreed to pay to plaintiff within one year thereafter, to wit, on or before December 5th, 1921."

To this amended complaint defendants filed a motion to make more definite and certain a demurrer on the ground that an entirely new and separate cause of action was set up thereby, and that it showed on its face it was barred by the statute of limitations, together with a plea in bar and an answer. The demurrer was argued to the court and taken under advisement, and thereafter the trial court entered the following order:

"This matter having been heretofore submitted to the court for its consideration and decision and the court being fully advised in the premises, it is ordered that the demurrer be and the same is hereby sustained."

Plaintiff having filed no amendment within six months, defendants moved for judgment on the pleadings, which motion was granted, and plaintiff is appealing from the judgment.

Plaintiff states in his opening brief that there is but one question requiring consideration, to wit, Was the cause of action set up in the amended complaint such a departure from the original complaint as to constitute a new and different cause of action? On examining the allegations of the original and amended complaint above set forth, we are satisfied that the first was a declaration on an open account for services rendered and moneys advanced, while the second was on an account stated. Plaintiff argues that such is not the case, but we think a reading of the two complaints shows his position is untenable. The question then is, Was the second cause of action on a stated account a departure from the original to such an extent, first, that the court should not have permitted the amended complaint to be filed, and, second, if its filing was permissible, that the filing could not relate back to that of the original complaint, so far as the statute of limitations is concerned?

We have had the question of the extent to which an amendment may go before us in the case of *Perrin* v. *Mallory Com. Co.,* 8 Ariz. 404, 76 Pac. 476. Therein we state as follows:

"Paragraph 1288 [R. S. A. 1901] provides: 'All pleadings or proceedings may upon leave of the court be amended at any stage of the action within such time as the court may prescribe, or they may be amended before trial without such leave upon serving the adverse party with a copy of such amended pleading or proceedings.'

"Again it is provided in paragraph 1293 that: 'The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights

of the parties, and no judgment shall be reversed or affected by reason of such error or defec..' . . .

"Our own statute relating to amendments is so liberal that it would be difficult to extend it by construction, and we are not at liberty to place upon it limitations which the Legislature has not seen fit to prescribe. It is not declared that the pleadings of the plaintiff alone may be amended, nor yet that the amendment shall be only of the cause of action or the defense already stated, but the broad language of paragraph 1288 is that: 'All pleadings or proceedings may . . . be amended.' And this may be done 'upon leave of the court . . . at any stage of the action,' or 'before trial without such leave upon serving the adverse party with a copy of such amended pleading or proceedings.' We think the statute plainly contemplates that any amendment which, during the progress of the action, the court would have power to permit in furtherance of justice, may before trial be made by the party, as a matter of right, upon the service thereof as prescribed. It would also seem clear that if, as held in Texas, a new cause of action or defense may properly be introduced by amendment 'under leave of the court . . . before the parties announce themselves ready for trial,' there would be at least equal warrant for the same practice under a statute which permits amendments to be made 'before trial without such leave.' The Code provisions of the various states relating to amendments are far from uniform. There will, however, generally be found in them some limitation the effect of which operates to prevent any substantial change of the claim or defense. No such limitation is expressed in our statute, and we feel compelled, therefore, to give it the broad interpretation which its plain terms seem to require. As we have previously observed, the only pleading of the defendant under our Code is an answer. If the answer consists of but a demurrer, it is nevertheless an answer and a pleading. While the requirement is that the answer must contain all of the defenses, and in a certain order, it does not follow that, if there has been an omission in this respect, it cannot be remedied by amendment. To

deny the power of the court to permit of such an amendment would in many cases be equivalent to a denial of justice. To admit it is also to admit the right of the defendant to make the same amendment 'before trial without such leave.' But the latter is unquestionably the true intent and meaning of the law as it stands. The Legislature had the right to make our system of pleading as illogical and unscientific as it chose. If it be found, in practice, to operate unfavorably to the orderly and speedy administration of justice, relief must be sought at the fountain.''

While in that case we dealt specifically with answers, the general language used by the court can only be construed as applying to any pleadings. An analogous case was before us in *Arizona Eastern R. R. Co.* v. *Old Dominion etc. Co.*, 14 Ariz. 209, 127 Pac. 713, in which we said:

"Where a complaint has been held obnoxious to a general demurrer and an amended complaint is filed, to which amended complaint the bar of the statute of limitations is pleaded, and at the time of the filing of the amended complaint the bar of the statute is complete, unless the amendment relates back, it is our duty to ascertain if the facts alleged in the original complaint are sufficient, when considered in the light of the facts pleaded in the amended complaint, to show that the amendment is but the perfected statement of the cause of action originally attempted to be pleaded, and *is not the statement of a new or different cause of action. Boudreaux* v. *Tucson Gas, etc., Co.*, 13 Ariz. 361, 33 L. R. A. (N. S.) 196, 114 Pac. 547; *Hagenauer* v. *Detroit, etc., Co., ante,* [14 Ariz.] page 74, 124 Pac. 803. [Ann. Cas. 1914C, 1016]. We reaffirm the doctrine thus announced.'' (Italics ours.)

We also, in the later case of *Bryan* v. *Inspiration Cons. Copper Co.*, 23 Ariz. 541, 205 Pac. 904, discussed the question of the permissibility of an amendment to the complaint which in effect introduced a new cause of action, on which the statute

of limitations had run if it had been brought as an original suit. In that case we said:

"Coming now to the question whether the court below erred in refusing to permit the amendment of the complaint and the substitution of the parents as parties plaintiff, the objection to such amendment and substitution is that it introduces an entirely new cause of action after the expiration of the time within which the original action could be brought, and changes the issues in a material respect. . . .

"No new action could be maintained at the time the substitution was sought, because the right given by the statute had absolutely ceased, and the substitution could not be made unless its effect would be not to change the cause of action or to introduce a new cause of action, but to retain the cause of action originally sued on. *If, therefore, such proposed amendment and substitution did change the cause of action or introduce a new cause of action into the case, the court would have no alternative but to deny the motion.* But even though the provision as to the time within which the action may be brought affects the right and not merely the remedy, if the proposed amendment did not present a new or different cause of action and would relate back to the commencement of the action, the character of the limitation is unimportant. The question, therefore, to be considered is whether such would be the effect of the action sought by the motions filed." (Italics ours.)

We think by these decisions the law of Arizona is well settled to the effect that if an amendment to the complaint is but a perfected statement of the cause of action originally attempted to be pleaded, it relates back to the original filing of the action; if, on the other hand, it is the statement of a new or different cause of action and the statute of limitations has run on the latter at the time of the filing of the amended complaint, a demurrer thereto should be sustained if the complaint was filed before the trial, and leave to file should be denied if it be offered

as a trial amendment. We therefore must consider whether a suit on an open account such as was declared on in the original complaint is a new or different cause of action from an account stated growing out of the same indebtedness within the meaning of the rule.

It is urged by plaintiff that the difference is merely in the method of statement, and that the real "cause of action" is the same, because the same debt lies at the foundation of both complaints. We think the fallacy of this contention is well illustrated by the case of *Swedish American Nat. Bank* v. *Dickinson Co.*, 6 N. D. 222, 49 L. R. A. 285, 69 N. W. 455, wherein the court says:

"The fact that the same debt lies at the foundation of distinct causes of action does not render them identical. If one who has borrowed money fails to pay it, a cause of action against him for money loaned exists. If his creditor thereafter takes the debtor's note in full payment, the old cause of action is extinguished, and a new one is created. The fact that there was an original debt is important only for the purpose of showing a consideration for the note. But an action upon such a note, under such circumstances, cannot be regarded as an action for money loaned. The original cause of action in the case supposed has been wiped out. If, in turn, a bond should be executed in payment of the note, the cause of action on the note would, in turn, be destroyed. If judgment should finally be recovered upon such bond, the cause of action upon the bond would likewise be extinguished. In the case supposed, there would exist, in succession, four distinct causes of action, all founded upon the same debt, which had at no time been paid, despite all the various changes which had taken place in the form of the evidence of such indebtedness. Would counsel for plaintiff seriously contend that in such a case there existed at all times only one cause of action—the original cause of action, for money loaned?"

The test generally laid down for a departure is whether proof of additional facts will be required. 21 R. C. L. 583; 31 Cyc. 418. It is obvious that not only will new facts be required to prove an account stated, in distinction from an open account arising out of the very same items, but the evidence which is fundamental in the one case will be excluded in the other. In a suit on an open account the plaintiff must prove each item of his alleged account, and he will not be allowed to offer evidence of a subsequent agreement by defendant that a net balance was struck. On the other hand, in an action on an account stated, unless there is an attempt to open or surcharge it, the plaintiff will not be allowed to offer in evidence any original items of the account, and he *must* prove an agreement with defendant of a balance due. The precise question involved in the case at bar has been raised in the following cases, and the rule established substantially as we have stated: *Porter* v. *Chicago, I. & D. Ry. Co.*, 99 Iowa 351, 68 N. W. 724; *Wilson et al.* v. *Waldron*, 12 Wash. 149, 40 Pac. 740; *Foste* v. *Standard L. & A. I. Co.*, 26 Or. 449, 38 Pac. 617.

In the case of *Chittenden & Eastman Co.* v. *Leader Furniture Co.*, 23 Ariz. 93, 201 Pac. 843, we said as follows:

" 'An account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of their prior account,' and an action thereon is based on this new agreement into which the prior accounts have been merged. [Citing cases.] It 'is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties.' [Citing cases.] The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof. [Citing cases.] Hence the allegation of facts relating to the prior transactions of the parties or referring to the manner

in which the new agreement came about has no place in the complaint any more than the facts leading to the giving of a promissory note would be proper in a suit thereon. It would, of course, be otherwise if the action were based on the account while still open and unsettled, but the stating of it renders all transactions relating to the items of the original account a closed book, except where fraud or mistake in the settlement is alleged.''

While we do not pass specifically in that case on the precise question involved herein, yet its language and reasoning lead inevitably to the conclusion that an action on an account stated is a different cause of action from one on an open account.

The only case cited by plaintiff holding to the contrary is that of *Moore* v. *Hendrix & Hodges,* 144 Ga. 646, 87 S. E. 915, wherein the court says:

''The plaintiffs amended the petition by declaring on an account stated instead of on an open account. No objection is made to the form of the amendment, and the only contention is that it sets up a new and distinct cause of action. As against this objection, we think the court was right in overruling the motion to dismiss the case on the ground that the amendment set up a new and distinct cause of action. The foundation of the suit was the same in either case, the only difference being that in a suit on an open account, . . . each item of the account must be proved if the whole account is disputed; whereas in a suit on an account stated the plaintiff cannot recover on proof of separate items of an open account, unless the pleadings are so framed as to allege that the plaintiff does not rely solely on the account stated.''

It will be seen that the reasoning in this case is a contradiction of that in *Chittenden & Eastman Co.* v. *Leader Furniture Co., supra,* and *Swedish American National Bank* v. *Dickinson Co., supra.* It is urged by counsel for plaintiff that courts are liberal in allowing amendments and in protecting the diligent against technical mistakes in pleadings. This

is undoubtedly true; but where a plaintiff waits until the very last day before the statute of limitations runs on one cause of action before serving his summons, we cannot say that his diligence has been established so thoroughly that if it appears he was mistaken in his cause of action equity requires that we should depart from a rule founded on reason and sustained by an almost unanimous line of authorities.

It appearing to us that the amended complaint set up a new and distinct cause of action from that stated in the original complaint, and that it shows on its face the statute of limitations had run against the new cause of action therein set up, the trial court rightly sustained the demurrer and granted judgment upon the pleadings; and its action is affirmed.

ROSS, C. J., and McALISTER, J., concur.