[Civil No. 3728.   Filed October 13, 1936.]

[61 Pac. (2d) 399.]

E. C. PIPER, Appellant, v. R. SALEM, Appellee.

Mr. Duane Bird and Mr. Thomas L. Hall, for Appellant.

Mr. W. G. Gilmore and Mrs. L. F. Gilmore, for Appellee.

LOCKWOOD, C. J.—This is an action by E. C. Piper, hereinafter called plaintiff, against R. Salem, hereinafter called defendant, to recover on an open account between plaintiff and defendant, which covered services rendered by plaintiff to defendant and merchandise furnished by defendant to plaintiff between May, 1927, and March, 1932. The defendant answered, setting up the statute of limitations so far

as the items sued upon were incurred previous to January 1, 1930, and denied that there was anything owing on the account to plaintiff. He also cross-complained, alleging that plaintiff was indebted to him in the sum of some $211.

The matter was at first set for trial before a jury, but by consent of both parties, the setting was vacated and a referee was appointed to take evidence. On the 14th of December, 1933, the matter came on for hearing before the court, on the referee's report, and on this report the court sustained the plea of the statute of limitations as to all items preceding January 1, 1930. After some two years had elapsed, judgment was finally rendered in favor of defendant for the sum of $1, and plaintiff has appealed.

There is one question determinative of this appeal, and that is whether or not there was an account stated between plaintiff and defendant as of the 1st day of January, 1930. The trial court took the view that there had been, and that the items included in the account stated were barred by the statute of limitations (Rev. Code 1928, § 2060). It is conceded by plaintiff that if, as a matter of fact, there was an account stated on that date and it was not carried forward into a new open account, the judgment is correct, but he argues most strenuously that there was none, and that all of the transactions between plaintiff and defendant, commencing with the year 1927 and ending some time in the year 1932, constituted one mutual open account. If this is true, the court erred in sustaining the plea of the statute. Let us first determine the essential ingredients of an account stated. This court has said in the case of *Chittenden & Eastman Co.* v. *Leader Furniture Co.*, 23 Ariz. 93, 201 Pac. 843, 844:

"The term 'stated account' signifies an agreed balance between the parties to a settlement; that is, that they have agreed after an investigation of their accounts that a certain balance is due from one to the other. *But whether this agreement was express or implied is immaterial so long as it is actual;* the agreement itself, and not the manner of reaching it, being the important consideration. 'An account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of their prior account,' and an action thereon is based on this new agreement into which the prior accounts have been merged. *Harrison* v. *Henderson,* 67 Kan. 202, 72 Pac. 878 [100 Am. St. Rep. 386, 62 L. R. A. 760]; *Holmes* v. *Page,* 19 Or. 232, 23 Pac. 961; *Carey* v. *Philadelphia & California Petroleum Co.,* 33 Cal. 694. It 'is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties.' *Carey* v. *Philadelphia & California Petroleum Co., supra; Benites* v. *Hampton et al.,* 3 Utah 369, 3 Pac. 206. The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof. *Loventhal et al.* v. *Morris,* 103 Ala. 332, 15 So. 672; *Volkening* v. *De Graaf et al.,* 81 N. Y. 268; *McCarthy* v. *Mt. Tecarte Land & Water Co.,* 111 Cal. 328, 43 Pac. 956." (Italics ours.) And we reaffirmed the rule in *Kunselman* v. *Southern Pacific Ry. Co.,* 33 Ariz. 250, 263 Pac. 939.

The trial court held that the evidence showed that the parties had, as a matter of fact, agreed as of the 1st day of January, 1930, that "a certain balance is due from one to the other."

The only evidence before this court, so far as the record is concerned, is the report of the referee. From this report the following facts appear: The ledger of the defendant from which the referee gained most, if not all, of the information upon which he based his report was kept by plaintiff, he being the

employee of defendant. It appears therefrom that plaintiff was employed as a bookkeeper by defendant from the 1st day of May, 1927, to December, 1927, at a fixed monthly salary. He also furnished to defendant a few articles of merchandise, making a total credit in his favor, as shown by the ledger for that calendar year, of $1,242.10. Charged against this were certain items of cash and groceries which he secured from defendant, aggregating $782.94. On the 31st of December, 1927, a balance was struck by plaintiff, showing defendant as indebted to him in the sum of $459.16. This item was carried forward in the ledger by plaintiff as a credit to his account for the year 1928. During the year last named, he entered in the ledger a credit for salary due him from defendant in the sum of $750, and charged against himself the sum of $430.74 for cash and groceries furnished him by defendant. At the close of the year plaintiff again struck a balance, crediting himself with the amount brought forward from 1927 and his salary, and charging himself with the cash and groceries he had received, thus showing a balance in his favor as of January 1, 1929, of $748.42, which sum was by him carried forward in the ledger as a credit on his 1929 account. There was also credited to plaintiff during that year $980 for salary, and he charged himself for cash and groceries furnished him by defendant the sum of $720.43. A balance was struck by him as of January 1, 1930, showing that defendant was indebted to him as of that date in the sum. of $1,007.99. It does not appear, however, from the referee's report whether such balance was carried forward into plaintiff's account for the year 1930, the report being silent on this point. Plaintiff's account for the first eleven months of the year 1930 was credited with the sum of $1,650 for

salary, and was debited with the sum of $1,482.45, for cash, groceries and incidentals. No balance was shown by the ledger as being struck for the year 1930, and the ledger account ceased as of November 30th of that year. The referee also reported that on December 1, 1930, plaintiff and defendant entered into a certain written agreement, whereby the former was engaged by defendant as manager for the latter in a certain retail grocery business for a compensation fixed by the contract, and that from December 1, 1930, until March, 1932, at which time the contract aforesaid was terminated, the plaintiff secured from defendant groceries, merchandise and cash to an amount exceeding his proper compensation for that period. There were some other minor items included in the report, but they may be summarized by stating that if the balance of $1,007.99, shown by the ledger as of January 1, 1930, is to be included in the open account sued on, then defendant was indebted to plaintiff thereon in a considerable sum. If, on the other hand, the amount as shown by the balance was not to be so included, plaintiff was indebted to defendant thereon.

We are of the opinion that on this report of the referee the court was justified in finding that there was an account stated between the parties as of January 1, 1930. Since the plaintiff kept the books himself and balanced the account, but failed to carry it forward for the year 1930, the only reasonable presumption is that he considered such balance as being an account stated, and apparently defendant acquiesced in such a conclusion. We see no reason why a balance due on an account stated may not be considered by the parties as an item upon a new open account, and if they have so agreed to treat the balance, though the account had been stated previously,

it immediately becomes a part of the new open account, and the statute of limitations runs against it as a part of such an account. If, on the other hand, the parties have agreed that it shall be treated as separate from the new account, we see no reason why that cannot be done, and in such case the statute of limitations will commence to run against it on the date on which it was stated. As was said in *Chittenden & Eastman Co.* v. *Leader Furniture Co., supra:*

"The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof."

If, therefore, the parties desired to treat this obligation as a separate indebtedness, they had the right to do so. If, on the other hand, they wished to include it as an item in the new open account, that also was their privilege.

The burden of proof is, of course, upon the plaintiff, if he desires to recover upon the open account, to show each item he includes therein was, in truth, properly included. It is not incumbent upon the defendant to show it was not. Since the evidence shows that at the end of the two previous years the balance due was carried forward into the new open account, and fails to show any such carrying forward into the third year, we cannot say as a matter of law the trial court was not justified in assuming. that the parties had impliedly agreed to treat that balance as an account stated and it was, therefore, correct in holding that the statute of limitations has run as to it. The plea of the statute of limitations is not one which is favored, but nevertheless it is a substantial defense, and when the facts show that it applies, the court has no other option than to so hold.

For the foregoing reasons, the judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.