440 P.2d 314

Denver V. MERRICK, Appellant,

v.

UNITED STATES RUBBER CO.,
a corporation, Appellee.

No. I CA–CIV 563.

Court of Appeals of Arizona.

May 6, 1968.

As Amended on Denial of Rehearing
June 7, 1968.

Review Denied July 9, 1968.

Stevenson, Warden & Smith, by Robert W. Warden, Flagstaff, for appellant.

Wilson & McConnell, by Beverly J. McConnell, Phoenix, for appellee.

STEVENS, Judge.

This appeal is from a judgment in favor of plaintiff United States Rubber Co., a corporation, based upon a verified open account. The issues relate to the proof of the account and to the receipt of parol evidence in relation to an assignment from the debtor to the creditor. The complete record was not forwarded to us, the appeal having been processed as authorized by

Rule 75(d), Rules of Civil Procedure, 16 A.R.S., which reads as follows:

"If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

In 1961 the appellant Merrick, the unsuccessful defendant in the Superior Court, and one Horton, formed a partnership under the name and style of City Tire Company. The plaintiff furnished merchandise to City Tire on consignment and on open account, the two accounts being separately handled. Periodically there was an inventory of consigned goods and the amount due from City Tire to the plaintiff for goods consigned to City Tire and no longer on hand, was calculated and billed.

City Tire was experiencing financial problems. In early 1963 the stock of plaintiff's merchandise on hand was inventoried and a final statement as to the consigned goods was prepared. City Tire, through Horton, assigned accounts receivable to the plaintiff, the assignment instrument being on the plaintiff's printed form. In part, the assignment recited as follows:

"In consideration of Five Dollars ($5.00) and other valuable considerations, receipt of which is hereby acknowledged, the undersigned hereby sells, assigns and sets over to UNITED STATES RUBBER COMPANY, its successors or assigns, all its right, title and interest in and to the open accounts and contracts above named, * * * aggregating *Twelve thousand three hundred four and 13/100* ($12,304.13) * * *."

The plaintiff sued Merrick and Horton. Horton defaulted, a judgment was secured against him and he was discharged of his obligation by bankruptcy. Horton was the operating partner being a resident of Maricopa County while Merrick resided in Coconino County. Among the recitations contained in the complaint, we find the following statement:

"5. That between the 3rd day of October, 1962 and the 29th day of March, 1963, both dates inclusive, the defendants herein became justly indebted to the plaintiff in the sum of TWENTY TWO THOUSAND EIGHTEEN and 27/100 ($22,018.27) DOLLARS for and on account of goods, wares and merchandise sold and consigned to the said defendants by plaintiff, at the special instance and request of the said defendants; a verified, itemized statement of the account being hereunto attached;"

Thereafter the complaint acknowledged certain credits and prayed for judgment on an asserted balance of $20,978.18. Attached to the complaint as an "itemized statement of the account" was a statement in two sections. One section was entitled "Consigned Account" and contained eight entries by date and amount. The other section was entitled "Regular Account" and contained sixteen entries by date and amount, some of these entries being debits and some being credits. The verification was by an official of the plaintiff and contained the following crucial words:

" * * * that the attached account is within the knowledge of affiant just and true; that it is due, and that all just and lawful offsets, payments and credits, have been allowed."

We use the term "crucial words" in view of Rule 8(c) of the Rules of Civil Procedure which reads as follows:

"8(c) Denial; action on verified accounts. When an action or defense is founded upon an open account supported by the affidavit of the party, his agent or attorney, that the account is, within the knowledge of the affiant, just and true, that it is due, and that all just and lawful set-offs, payments and credits have been allowed, the account shall be taken as prima facie evidence thereof, unless the party resisting the claim, at least one day before trial, files a written denial under oath, stating that the account is not just

or true in whole or in part, and if in part only, stating the items and particulars which are unjust. If the resisting party fails to file such affidavit he shall not be permitted to deny the account or any item therein."

Merrick filed an answer which was not verified. He filed his Rule 8(c) verified denial three days before trial, the trial having been held on 18 July 1966.

There are a number of very interesting potential procedural problems. In view of the fact that the plaintiff prevailed in the trial court and the fact that we deem that the judgment should be affirmed, we will not discuss these procedural matters.

The pretrial conference was held which was followed by a pretrial order entered on 22 April 1966. At the pretrial conference, all of the exhibits which were used at the trial were marked in evidence. Exhibit 1, a plaintiff's exhibit, consisted of eight multi-page documents in support of the eight items set forth in the consigned account section of the itemized account attached to the complaint. These were electronically reproduced records from the plaintiff's IBM accounting equipment. Exhibit 2, a plaintiff's exhibit, consisted of numerous papers which support the sixteen items set forth in the open account portion of the itemization. This itemization does not show an unpaid balance carry-over and each item in the itemization is supported by one of the papers in Exhibit 2. Exhibit 5, a defendant's exhibit, was the assignment of accounts receivable from which we have heretofore set forth a partial quotation. We do not deem it essential to describe the remaining exhibits. The pretrial conference was conducted by, and the order was entered by, a judge other than the judge who conducted the trial.

The plaintiff called one Dougherty as its witness. He was with the Credit Department of the plaintiff in the Los Angeles office at the time of the inception of the plaintiff's relationship with City Tire and at the time of the trial he was in the plaintiff's Phoenix office. He testified that he was familiar with the account. While he had no personal knowledge of the actual physical operation of the plaintiff's IBM accounting equipment in Los Angeles, he was generally familiar with this aspect of plaintiff's accounting records. Merrick urges that a proper foundation for the use of the records to establish the consigned account aspects of the litigation was not presented to the trial court. The plaintiff urges that these records comply with the requirements of the Business Records Rule.

In Arizona the Business Records Rule is set forth as a portion of Rule 44 of the Rules of Civil Procedure being the sub-rule paragraphs (q), (r) and (s), as well as being set forth in A.R.S. § 12–2262. These correspond with the Uniform Business Records as Evidence Act now found in volume 9A, ULA, copyright 1965. No issue was raised with reference to the use of copies, a matter covered by Rule 44(s). The portion of the rule vital to this appeal is as follows:

"44(q)

"2. Any record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Of special significance is that portion of the rule which calls for the opinion of the court as to their admissibility. In Gallagher v. Viking Supply Corporation, 3 Ariz.App. 55, 411 P.2d 814, 15 A.L.R.3d 1 (1966), this Court stated (3 Ariz.App. at 61, 411 P.2d at 820):

"Under A.R.S. § 12–2262 the trial court has great discretion concerning the admission of records kept in the course of business. Builders Supply Corporation v. Shipley, 86 Ariz. 153, 157, 341 P.2d 940 (1959). * * *"

We had occasion to approve the use of this type of record in State v. Veres, 7 Ariz. App. 117, 436 P.2d 629 (1968), (review denied). In the Nebraska case of Transport Indemnity Co. v. Seib, 178 Neb. 253, 132 N.W.2d 871, 11 A.L.R.3d 1368 (1965), the use of the type of record keeping now in question was under consideration. We recognize that a more meticulous foundation was laid in the Nebraska case than was laid in the case now under consideration in the matter of the testimony of a person immediately in charge of the record making equipment. We quote from this case (132 N.W.2d at page 875):

"No particular mode or form of record is required. The statute was intended to bring the realities of business and professional practice into the courtroom and the statute should not be interpreted narrowly to destroy its obvious usefulness."

We deem the foundation presented in the case now under consideration to be adequate and we find no abuse of discretion on the part of the trial judge.

Dougherty testified that only the unpaid consignment transactions are reflected in the exhibit giving as his reason that the previous consignment transactions were not reflected:

"Because they were paid, they were paid with specific checks."

Merrick complains that the plaintiff's evidence did not prove each item of the account from the inception of the account. The plaintiff limited its proof to the period alleged in the complaint. No Arizona case has been called to our attention which supports the Merrick contention. The issues in Piper v. Salem, 48 Ariz. 314, 61 P.2d 399 (1936), relate to the distinction between an open account and an account stated. In *Piper* the court stated (48 Ariz. 319, 61 P.2d 401):

"The burden of proof is, of course, upon the plaintiff, if he desires to recover upon the open account, *to show each item*

*he includes therein * * *."* (Emphasis supplied.)

It will be noted that the court did not state the proof must begin with the inception of the account. The matter of proof was limited "to show each item he includes therein". This case further acknowledges that the first item of an open account may be an unpaid account stated.

 In Kunselman v. Southern P. R. R. Co., 33 Ariz. 250, 263 P. 939 (1928), the issue again was the distinction between an open account and an account stated. Therein the Arizona Supreme Court stated (33 Ariz. at 259, 263 P. at 942):

" * * * In a suit on an open account the plaintiff must prove each item of his *alleged* account, * * *." (Emphasis supplied)

Again we find an absence of a requirement that the party prove each item of the account from its inception. We hold that in a suit on an open account, the proof may not commence with a debit balance and in the plaintiff's proof, the plaintiff must prove each item claimed. This holding does not preclude joining an open account and an account stated in one suit. The exhibits marked in evidence establish the several items set forth in the verified account. Merrick offered no evidence. There was no evidence to disprove the accuracy of the account. On cross-examination Dougherty was asked about an earlier $5,000 payment which Merrick had made. He acknowledged that the payment had been made and testified that he had no recollection as to the date thereof. In this connection we find the following:

"I know that he gave us a check for five thousand dollars ($5,000.) but I don't remember the specific date.

"Q. That doesn't show on these records here?

"A. Not these records here because he paid specific invoices, and these are the invoices that are unpaid."

The accuracy of this statement was not refuted.

The final matter for our consideration relates to the receipt of parol evidence in relation to the actual consideration for the assignment of the accounts, a portion of the assignment document being heretofore quoted. Merrick cites Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188 (1956), wherein the Arizona Supreme Court stated (81 Ariz. at 26, 299 P.2d at 196):

> "It is fundamental that the parol evidence rule is a doctrine of substantive law and not merely an exclusionary rule of evidence."

The same rule was set forth in McNeil v. Attaway, 87 Ariz. 103, 348 P.2d 301 (1959) [supplemental opinion on rehearing 20 January 1960].

In our opinion this rule does not apply in the case at bar. In Cashion v. Bank of Arizona, 30 Ariz. 172, 245 P. 360 (1926), there was an assignment which recited (Page 176, 245 P. page 362):

> " 'Now, therefore, for and in consideration of ($1.00) dollar to them in hand paid by the second party, the receipt whereof is hereby acknowledged, and other valuable consideration, the first parties hereby sell * * *.' "

There was evidence of a prior oral agreement as to the purpose of the assignment. The Supreme Court held the evidence admissible stating: (30 Ariz. at 186, 245 P. at 368)

> "The rule so generally applied by the courts of the country, and often upheld by this one, that the terms of a written instrument cannot be contradicted or varied by parol testimony, does not, in our view, apply to the facts of this case, but rather an exception thereto as well recognized as the rule itself, namely, that such evidence may be admitted to show the true consideration when it is apparent from the instrument itself that the consideration recited therein is not the real one. The assignment to Kingsbury recites one dollar 'and other valuable consideration,' and the purpose of the parol evidence objected to was to show what this other valuable consideration was. * * *"

Cashion was later approved by the Arizona Supreme Court in Wentz v. Pacific States Sav. & Loan Co., 52 Ariz. 508, 83 P.2d 1006 (1938). On the subject of parol evidence relative to consideration, see also the case of State ex rel. Herman v. Wilson, 103 Ariz. 194, 438 P.2d 760, decided 13 March 1968.

We hold that the trial judge was correct in his ruling that parol evidence could be received to show an acknowledgement by City Tire that most of the accounts were uncollectable and that the true agreement of the parties in relation to the consideration for the assignment was that there would be credited to the obligation owing United States Rubber only those sums collected from the assigned accounts.

In connection with the assignment Merrick further urges a lack of a showing of due diligence on the part of the plaintiff in its efforts to collect the assigned accounts. In our opinion the evidence of the efforts of the plaintiff under the circumstances disclosed in this record was sufficient to permit the trial judge to rule in favor of the plaintiff on this issue.

The judgment is affirmed.

DONOFRIO, Acting C. J., and D. L. GREER, Judge of Superior Court, concur. NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge D. L. GREER of the Superior Court was called to sit in his stead and participate in the determination of this cause.