507 P.2d 674

Glen HOLT and Jane Doe Holt, his wife,
Appellants,

v.

WESTERN FARM SERVICES, INC., dba
Desert Verde Co., a Delaware cor-
poration, Appellee.

No. I CA–CIV 2004.

Court of Appeals of Arizona,
Division 1.

March 13, 1973.

Rehearing Denied May 23, 1973.

Review Granted July 3, 1973.

Ralph F. Brandt, Yuma, for appellants.

Westover, Keddie & Choules by Thomas A. Thode, Yuma, for appellee.

KRUCKER, Judge.

This is an appeal from a judgment for the plaintiff on an action on an unverified open account in the amount of $13,031.61. The facts are as follows. Plaintiff below,

Western Farm Services, Inc. (hereinafter referred to as appellee) brought suit alleging that by a verbal contract defendants below (hereinafter referred to as appellants) "became indebted in the sum of $14,246.64 on account of goods and merchandise furnished by the plaintiff to defendants at their express instance and request, which sum defendants promised to pay."

The appellants filed an answer denying that they were indebted to the appellee in the sum stated and alleging that they were entitled to credits on said account.

The appellants submitted a pre-trial memorandum setting forth the issue to be tried as "namely that defendants are indebted to plaintiff for an amount in excess of $14,000 for goods and merchandise purchased on open account and delivered to defendants." The case proceeded to trial. The appellee called as a witness Robert Todd who had been in charge of sales and general management for the preceding 19 months. It was Mr. Todd's responsibility to see that the accounts were billed. He testified that the appellants had purchased agricultural products from the appellee on a credit basis, either placing orders by telephone or through appellee's sales representative. Also, that he was personally acquainted with the appellants' account, having reviewed it several times and compared it with other files for method of preparation. He further testified as to the manner in which the accounts were prepared under his supervision and that they were prepared in the usual course of business. Todd also noted that when Holt was presented with the balance owed on the account, he made no objections to its truth or accuracy. According to him, he asked Holt when appellee could expect payment and Holt responded, "It might be this year or next year."

Over the objection of appellants' counsel, appellee's Exhibit No. 1, consisting of a multi-page document described as the office folder customer account of Glen Holt containing appellee's invoices and state-

ments for the year 1970, was placed into evidence under Rule 44(q), Rules of Civil Procedure, 16 A.R.S. Appellee's Exhibit No. 2, consisting of a running balance on charges from appellants' account from January, 1970 through July, 1971, which showed charges and credits totalling $20,325.77 was then admitted into evidence. The initial statement of January, 1970, as shown by Exhibit No. 2, reflected a balance forward of $14,371.11 accumulated from the previous 12 years of dealings between the two parties. This balance forward contained interest calculated at one percent per month on everything that was sixty days past due, and, according to Todd was calculated at twelve percent compounded monthly on all outstanding debts unpaid for one year. Appellee's credit manager testified that payments are applied to the oldest items of an open account.

After the appellee rested, the appellants, without putting on any evidence, rested. The trial court then received arguments and memoranda of authority before ariving at its judgment for appellee in the sum of $13,031.61,[1] plus interest.

Appellants, in challenging the judgment, raise the following questions for our consideration:

1. Was appellee's Exhibit No. 1 admissible under Rule 44, Rules of Civil Procedure, 16 A.R.S. and A.R.S. § 12–2262?

2. If it is admissible, what weight should it be given?

## ADMISSIBILITY OF THE RECORDS

Rule 44(q), the Business Records Rule, provides:

\* \* \* \* \* \*

"2. Any record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Appellants contend that appellee's Exhibit No. 1 did not meet these requirements in that Mr. Todd had no personal knowledge of the way appellee's invoices were prepared prior to his employment, some 19 months before the trial. We do not agree. A like contention was raised and rejected in Drumwright v. Lynn Engineering & Mfg. Inc., 14 Ariz.App. 282, 482 P.2d 891 (1971), wherein this court, in reviewing testimony of the present custodian, said:

"The testimony of the present custodian amply establishes the records' authenticity. The trial court is afforded broad discretion in the admission of such records, Merrick v. United States Rubber Co., 7 Ariz.App. 433, 440 P.2d 314 (1968), and the exhibits and testimony adequately reflect that an accurate account of the events transpiring in the period in question was recorded. Any objection to the records because of their preparation under the supervision of a Comptroller, other than the witness, which was the situation with the majority of the entries, goes to their weight and not their admissibility." 482 P.2d at 893.

In the instant case the evidence amply establishes the authenticity of the records. Mr. Todd testified that he was personally acquainted with the account, having reviewed it on several occasions; that he

---

1. In a memorandum opinion, the trial court computed this figure by applying the appellants' payments of $20,325.77 to the unpaid beginning balance in 1970 of $14,371.11, plus the January through March, 1970 charges totalling $8,190.86. This difference added to the unpaid charges, less the amount charged for interest omitted beginning with the middle of March, 1970, totals $13,031.61. (We do not consider if the charges of interest were correctly omitted since appellee has not filed a cross appeal.)

had compared the files prepared prior to his employment for method of preparation and that it was the same as during his employment. Further, he testified that the files were prepared in the ordinary course of business within a week from the time the orders were made. In light of the foregoing evidence, we cannot say the trial court abused its discretion in admitting these records into evidence.

## WEIGHT GIVEN TO THE RECORDS

■ Appellants, citing Merrick v. United States Rubber Co., 7 Ariz.App. 433, 440 P.2d 314 (1968), complain that the appellee's evidence did not prove each item of the open account because it commenced with a debit balance (the balance forwarded at the beginning of 1970 for the past 12 years of $14,371.11).

■ It is axiomatic that the burden is on the one seeking to recover on an open account to prove each item included therein. Piper v. Salem, 48 Ariz. 314, 61 P.2d 399 (1936); Kunselman v. Southern Pacific R. R. Co., 33 Ariz. 250, 263 P. 939 (1928), and for this reason an open account may not commence with a debit balance. Merrick v. United States Rubber Co., supra. These principles, however, do not preclude an action on an open account where the first item is an unpaid account stated. Piper v. Salem, supra. As stated by our Supreme Court in the case of Chittenden & Eastman Co. v. Leader Furniture Co., 23 Ariz. 93, 201 P. 843, 844 (1921):

"The term 'stated account' signifies an agreed balance between the parties to a settlement; that is, that they have agreed after an investigation of their accounts that a certain balance is due from one to the other. *But whether this agreement was express or implied is immaterial so long as it is actual;* the agreement itself, and not the manner of reaching it, being the important consideration. 'An account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of their prior account,' and an action thereon is based on this new agreement into which the prior accounts have been merged. [Citations omitted] It 'is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties.' [Citations omitted] The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof. [Citations omitted] And we reaffirmed the rule in Kunselman v. Southern Pacific Ry. Co., 33 Ariz. 250, 263 P. 939." (Emphasis in original)

■ Thus, the pivotal issue is whether there is evidentiary support for an implied agreement between the parties.[2]

■ As stated in 1 C.J.S. Account Stated § 31 (1936), an agreement can be implied:

". . . where one of the parties calculates the balance due and submits his statement of the account to the other who. . . . acknowledges its receipt and promises to pay the balance shown to be due."

■ In the case before us, the evidence discloses that Glen Holt, upon several occasions, acknowledged receipt of the bal-

2. We note the trial court based its judgment upon the theory that "the rule cited by defendants than (sic) an accounting action cannot begin with a debit balance does not apply when payments made by defendants [total payments of $20,325.77] are more than sufficient to pay off such debit balance [$14,371.11]." We can find no authority to support the judgment upon this theory, nor does appellee cite any. However, in view of our duty to affirm when the record reflects a correct reason for the trial court's ruling, it is not inappropriate to consider this theory advanced by appellee on appeal.

ance after January, 1970, and when asked when he could pay the amount due stated, "It might be this year or next year," thereby admitting its correctness.

Appellants further contend that the balance forward of $14,371.11 could have been made up of usurious interest in violation of A.R.S. § 44–1201, subsec. B, as amended:

"B. A rate of interest, not to exceed ten per cent per annum, if agreed to in writing, signed by the debtor, shall be paid. A judgment given on such agreement shall bear the rate of interest provided in the agreement, and it shall be specified in the judgment."

Usury is an affirmative defense under our statutes which must be pleaded and proved. Rule 8(d), Rules of Civil Procedure, 16 A.R.S.; Dailey Mines Co. v. Catalina Cons. Copper Co., 59 Ariz. 149, 124 P.2d 320 (1942). Appellants did not plead it and there was no showing that the interest payments in the balance forward of $14,371.11 were in fact usurious. Mr. Todd testified that the interest was calculated at one percent per month on all accounts that were 60 days past due. This rate was compounded monthly on all past due accounts. The evidence further showed that payments were applied to the oldest items of the account. Therefore, in order to prove usury, the appellants had to show that the interest payments in the old account which had been paid were on matters that had run for over ten months. This they failed to do. A contract is not presumed to be usurious and is to be construed as non-usurious if possible. Starkovich v. Southwest Savings and Loan Ass'n, 14 Ariz.App. 382, 483 P.2d 795 (1971).

For the foregoing reasons, we affirm.

HATHAWAY, C. J., and HOWARD, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.