## FARRINGTON *v.* TUCKER *et al.*

*(Supreme Court of Colorado, Spring Term, 1883—Appeal from the County Court of Clear Creek County).*

EVIDENCE—BOOKS OF ORIGINAL ENTRY. By the statute (Sec. 2953) books of original entry are admissible in evidence; but where the entries were made by third persons not present at the trial, it must appear, in order to their admission, that the person who made them is dead, or without the State, that he was disinterested when he made them, and they were made in the usual course of trade—the handwriting must also be proven. Otherwise it is error to admit the books in evidence.

HELM, J. We discover but one error in this record worthy of consideration.

Appellees were the proprietors of two grocery stores in Georgetown; they brought suit and obtained judgment against appellant for the balance due upon a running account at each of said stores. The books of original entry were admitted as evidence of such accounts. Plaintiffs below were the only witnesses sworn in their behalf, and they testify that part of the entries in said books were made by clerks; the only testimony as to the whereabouts of these clerks is as follows: By plaintiff, J. F. Tucker, with reference to Churchill, clerk at the "upper" store, "I don't know where he now is;" and by A. C. Tucker about those at "lower" store, "I cannot state who the clerk in 1873 was; in 1874 it was B. F. Darrah; he is now in Denver." Both witnesses state that they have no individual or independent recollection as to the purchase by defendant of any item mentioned in the accounts.

The entries made by the clerks are not indicated by proof of their handwriting; neither are those of the plaintiffs in any way identified so that they can be separated from the entries written by the clerks. J. F. Tucker, it is true, testifies that he was book-keeper at the upper store, and that he alone

made entries in the day-book and ledger; but they also kept at this store what was termed an "order book," into which memoranda of goods sold were first written; he testified that he "*posted*" the *day-book;* and we must conclude that the order book was the book of original entries.

By our statute (section 2953, General Laws of Colorado), books of original entry are expressly declared to be admissible in evidence; but certain preliminary proofs are required, and where the entries are made by third persons, not present at the trial, such proofs are as follows, to wit:    That the person who made them is dead or is a non-resident of the State; if the latter, that he was disinterested when making the same; and that they were made by such deceased or non-resident person in the actual "course of trade and of his duty or employment." Proof of such third party's handwriting is, of course, rendered necessary by the foregoing.

Neither of the clerks who made the entries in these books is shown to be dead, nor a non-resident of the State.  Were we to admit the position of counsel, and say that under the statute where one has gone, "no one knows whither," it is the same as though he were known to be dead, or absent from the State, still plaintiffs are not aided by the construction.    They have proven no search of any kind, diligent or otherwise, for the residence of Churchill, and no testimony is given showing an effort to discover who was the clerk at the lower store in 1873; while Darrah, the one in 1874, was, according to the evidence, residing in the State, and so near that twenty-four hours would have been sufficient to secure his presence at the trial.

It is not necessary for us to consider authorities cited as to the common law rules on this subject.    There was no proper compliance with the requirements of the statute.    The books should not have been admitted upon the proofs adduced in connection therewith; but without them no case was made out.    The cause must, therefore, be reversed and remanded for a new trial.                                              *Reversed.*

*W. T. Hughes*, for appellant.

*Mitchell & Palmer*, for appellee.