Bissell, P. J.,
delivered the opinion of the court.
According to our view of the law, it Is a matter ,of no. moment to determine whether, at the time of the alleged purchase, Miss Charles was an adult because she was over the age of eighteen years, or whether, at that time she was still a minor and therefore mb potestate patri. In either event, her authority to purchase goods on the credit of her father must still be shown by plaintiffs. In the one case that burden might be well sustained by proof of a course of dealing which would warrant the implication of a grant of power,» or by proof of actual authority conferred by the father. In the other, if the latter proof were not satisfactorily made, the plaintiffs would not only be compelled to show a course of dealing between the parties which would warrant the deduction, but probably they would likewise be compelled to show that the things purchased were what arq always classed by the law as necessaries, and a failure on the part of the father to properly supply the child. While we do not regard the evidence as at all satisfactory in either view of the case, and are not persuaded that there was any such authority given by Mr. Charles as would, render him liable for the bill, we might not, were this the only available error, reverse the judgment. There is some evidence to support the finding of the court with respect to the existence of the authority, although to our minds it is not proof which thoroughly supports the judgment. The issue in respect to the majority of the daughter was not presented by the pleadings, nor did they plainly raise the questions which might be presented if the suit had been brought as upon an account for goods sold and delivered to one upon the authority of another. We *190 are consequently disinclined to authoritatively express our views on these matters.
Counsel for appellant insists that in no event could the plaintiffs recover on their complaint, since it is an ordinary plea of goods sold and delivered to the defendant which will not permit proof of the sale and delivery of goods to one, and the recovery of the price from another who is named as defendant. Some of the early authorities are cited which seem to hold that this would result in a variance. We would not regard this as a necessarily fatal departure of the proof from the pleadings, if the proof had satisfactorily established the defendant’s liability. It must be conceded, however, that under our system, which is one requiring a statement of the facts out of which the cause of action grows, it is far better to allege whatever may be the truth in respect to this matter, rather than to put the cause of action into the form of an allegation showing simply goods sold and delivered to the defendant. What has already been said concerning the objections urged on our consideration has more reference to the course of any subsequent proceedings that may be taken in this case, than to the discussion of questions which are regarded as determinative of what we must do with the judgment.
The fatal error committed by the trial court was in admitting the books and the bill of particulars in support of the plaintiffs’ claim without the foundation rendered necessary by the statute. The proper construction of the statute and the determination of what must be done to render books admissible in actions brought for goods sold and delivez-ed by an izzdividual or by a firm is made very plain by the deeisiorz of the supreme cozzrt in Farrington v. Tucker et al., 6 Colo. 557.
There az’e some slight differences between the common law rule which permitted the introductiozi of mercantile books and that provided by the statute. These differezrces are of no moznent so long as the statute exists. In order to enable the merchant to establish the sale-and delivery of his zner *191 chandise, and the value of the goods sold by the production of his accounts, it is necessary that he show the books to be true and just and that he made them, or that by reason of facts which he establishes, he is relieved of this burden. In this case neither was done. The accuracy of the books was not established by the evidence of the parties or of any person interested, nor were the clerks who kept them shown to be either dead or out of the country. Under these circumstances, manifestly the books ought not to have been admitted. If there was other evidence in the record which clearly showed the sale and delivery of the goods and what the price and value of the merchandise was, the error would not be one so prejudicial to the rights of appellant as to compel us to disturb the judgment. Since, however, the books were inadmissible and there is no other proof in the record showing the price and value, and nothing really showing the sale and delivery of the goods, we are compelled to send the case back for another trial.
For the error committed by the court as stated in this opinion, this judgment is reversed and the cause remanded for a new trial.

Reversed.