## No. 14,631.

ROCKY MOUNTAIN BEVERAGE, INC. *v.* WALTER BREWING COMPANY.

(108 P. [2d] 885)

Decided December 9, 1940. Rehearing denied January 6, 1941.

Messrs. IRWIN, O'CONNELL & ZARLENGO, for plaintiff in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION on account for goods sold and delivered by defendant in error to plaintiff in error, said goods consisting principally of keg and bottled beer, ale and other malt beverages. Defendant in error, which was plaintiff

below, had judgment. Reversal is sought on a writ of error under assignments based largely on admission of alleged improper evidence. Reference will be made to the parties as they appeared in the trial court.

Plaintiff owns and operates a brewery in Pueblo and defendant was its distributor in the city of Denver. The account was opened about January 1, 1936, and was kept open during the time covered by this litigation, i. e., from December 31, 1936, to May 29, 1937. The suit was for the net amount due on the account accruing between the last two dates, which account was set out in a statement marked Exhibit "A" attached to the complaint, also appearing in a bill of particulars filed upon motion therefor which was granted by the court. Defendant, in its answer, admitted purchasing the merchandise, but claimed credits in excess of those appearing in the account. In addition, defendant filed a cross complaint. At the close of plaintiff's case, defendant moved for a nonsuit upon the stated ground of failure of proof. The motion was overruled, whereupon defendant asked for a dismissal of its cross complaint without prejudice. Plaintiff objected to the dismissal, "unless it is dismissed with prejudice." The cross complaint was dismissed without prejudice, to which action of the court cross error is assigned. Upon the overruling of its motion for nonsuit, defendant elected to stand thereon, and judgment was entered in favor of plaintiff in the amount claimed.

Defendant's assignments of error are summarized as follows:

"The sole question * * * is whether or not the testimony of plaintiff's witness, Mr. Koller, the ledger sheets and sales slips, were sufficient and competent to establish a prima facie case against the defendant * * *."

The statute upon which the defendant relies reads as follows: "When in any civil action, suit or proceeding, the claim or defense is founded on a book account, any party or interested person, association or company, may

testify to his or their account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made, by himself or his employee and are true and just, — or that the same were made by a deceased person, or by a disinterested person, — a non-resident of the state, at the time of the trial, — and were made by such employee, deceased or non-resident person in the usual course of trade, and of his duty or employment to the party so testifying; and thereupon the said account book and entries shall be admitted as prima facie evidence in the case upon the matters as shown by said account book. '35 C.S.A., c. 177, §3, C.L. §6557.

Unquestionably Koller, who was plaintiff's bookkeeper, was a competent witness under the statute; hence, we shall consider the evidence offered.

Exhibit "A" consists of three sheets from a loose-leaf ledger with the name of defendant with its address at the top of each sheet. Each sheet consists of two pages. The first four pages are filled with the running account, which is concluded on the fifth page, or on the third sheet of the exhibit. On each page there are vertical columns, showing entries, with headings as follows: "Date," "Folio" (giving the number of the sales ticket), "Quantities," "Empties Ret'd," "Merchandise" ("Credit and Debit"), Containers ("Debit and Credit"), Total ("Debit, Credit and Balance"), and "Remarks."

Counsel for defendant summarize Koller's testimony concerning the manner in which entries were made in these columns as follows: "I [Koller] make these charge memorandums from information from the branch house; memorandum which might be sent in. I take it for granted when I receive a memorandum that the merchandise was received by the customer. I take somebody else's word for that. When Denver sends down and says so many barrels were delivered, I make that charge. If a statement refers to shipments made out of Pueblo, I get information from the order to make it out.

I send the order to the warehouse, and the merchandise is delivered from there. The order is checked and returned to me in the morning, and thereby invoices are made and posted in the ledger. The order which I give to the warehouse is returned with someone's check indicating that someone has delivered that merchandise. I know by the check mark that it has been delivered. In carload lots I make out bills of lading accepted by the railroad companies. I think there were some carload shipments involved in this proceeding. I would not permit myself to say how many.

"I take an order on the telephone and send a copy to the warehouse, and when it comes back with a check on it, I assume that merchandise has actually been delivered to the customer from whom I received the order, and I make a charge in the books."

At the time Exhibit "A" was offered in evidence, counsel for defendant stated: "We are willing to agree to this: We will agree to withdraw our objection to Exhibit "A" and permit it to be admitted merely for what it is worth on its face, not thereby agreeing that it is an original book of entry, upon the understanding that the original sales slips will be produced for our inspection during the course of the day; we do not want to delay this trial."

The original sales slips were produced for inspection by counsel for plaintiff. No objection was made to a single item, and every slip checks with the entries shown on Exhibit "A," which, as we understand the above quoted language, completes the withdrawal of the objection, if the ledger here was a book of original entry, and we have no hesitancy in saying that it was. "A ledger is a book of original entry and admissible as such where posted from duplicate sales slips, no daybook or journal being used." Nichols Applied Evidence, vol. 1, p. 787. In this case the ledger served the purpose of daybook, journal and ledger. We do not find that the opinion in *Farrington v. Tucker*, 6 Colo. 557, is in con-

flict with our conclusion. In that case an "order book" was held to be the book of original entries.

The mere fact that Koller did not have personal knowledge of all deliveries is immaterial. Had there been an objection to any item, personal knowledge might have been material, but none was challenged.

The fact that a greater balance had been carried forward on the ledger sheet was explained by the fact that it included a brokerage commission or discount to which defendant claimed it was entitled and which was included in its counterclaim.

This brings us to the plaintiff's assignment of cross error, namely, the propriety of court's dismissal of the cross complaint without prejudice.

 There was no error in this ruling. The commission above mentioned was based on an alleged contract giving defendant the exclusive agency as distributor in Denver. The counterclaim alleged breach of said contract and damages were asked in the sum of $25,000. We think this constituted an independent cause of action and while the matter might have been adjudicated in this proceeding, we do not say that the court abused its discretion in permitting the dismissal without prejudice. 17 Am. Jur., pp. 63, 69; 74 A.L.R. 587.

Other questions urged require no discussion or determination.

Judgment affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Otto Bock dissent.

Mr. Justice Otto Bock dissenting.

I regret the necessity of this dissent. The majority opinion designates this case as an "action on account for goods sold and delivered." I am not familiar with such an action. It either is an action on an account stated or one for goods sold and delivered. Plaintiff designates it

as an action for goods sold and delivered, and the pleadings support that statement.

After plaintiff had rested, defendant moved for a nonsuit "upon the grounds that the plaintiff has wholly failed to sustain the proof and allegations of this complaint, for the reason that this purports to be an action for goods sold and delivered between a certain period, and that the evidence wholly fails to show delivery of any goods, wholly fails to show an agreed price, or the reasonable value; and for the further reason that the evidence wholly fails to prove a cause of action, either for merchandise sold and delivered, or upon an account stated." This motion was denied and exceptions saved. Defendant elected to stand on its motion, and judgment was entered against it and in favor of plaintiff in the amount of $3,188.19.

It is stated in the majority opinion, "Defendant, in its answer, admitted purchasing the merchandise." This, in my opinion, is an incorrect statement. Plaintiff, in its brief, referring to the answer of defendant, states correctly that "In its answer it admits that between the dates above mentioned the plaintiff sold and delivered to the defendant keg and bottled beer, ale and malt beverages," and "Denies that Exhibit 'A' is a true and correct statement of the deliveries and charges for the keg and bottled beer, ale and malt beverages sold and delivered by the plaintiff to the defendant." In this state of the pleadings it was necessary for plaintiff to produce evidence of the sale and delivery of the merchandise listed in exhibit A. No such evidence was produced. The bookkeeper of plaintiff, who was the sole witness, had no personal knowledge of any deliveries; nor was there any evidence in writing, such as delivery receipts, from defendant. That the bookkeeper was a competent witness to testify under '35 C.S.A., c. 177, §3, is true, but that testimony was insufficient to prove delivery of the goods, a vital issue in the case.

The majority opinion states what is purported to be defendant's statement of the sole question involved. I quote the entire paragraph from defendant's brief, as follows: "The sole question which we desire to present upon this proceeding is whether or not the testimony of plaintiff's witness, Mr. Koller, the ledger sheets and sales slips, were sufficient and competent to establish a prima facie case against the defendant and to justify the overruling of the motion for nonsuit and the entry of judgment in the amount stated."

The motion for nonsuit was predicated primarily on the ground that the evidence wholly failed to prove a cause of action either for merchandise sold and delivered or for an account stated. The trial court committed error in denying the motion for a nonsuit.

The judgment should be reversed.