Mr. Justice Kelley
delivered the opinion of the Court.
The plaintiff in error, doing business as Stadium Steak House (Stadium), is a Denver restaurant. Empire Meat Company (Empire), defendant in error, is a wholesale meat dealer. Empire sued Stadium for the balance allegedly owed on an open account. The account ran from a period of December 1963 to November 1965. During that period, Stadium was purchasing meat products from Empire which were delivered to the restaurant. Empire, in the regular course of business, sent statements of account and Stadium paid them either by cash or check. On several occasions, deposited checks were returned to Empire marked “insufficient funds.” Upon return of such a check Empire would notify Stadium, who then-either paid cash or issued another check. On a few occasions the second check would also be returned for insufficient funds and the process would repeat itself. At the time of the commencement of this suit, there remained an alleged balance of $918.86.
*161 Empire presented its evidence through two witnesses: the Secretary-Treasurer, under whose supervision all of Empire’s records were kept and through whom the books of original entry were introduced; and a deliveryman who testified as to the delivery of orders to Stadium. The dispute before the trial court related to alleged payments made by Stadium, for which it received no credit. Trial to the court resulted in a judgment in favor of Empire in the amount of its claim and costs.
Stadium, for reversal, relies upon four errors alleged to have been committed by the trial court. First, that payments made by Stadium as represented by the can-celled checks were not reflected in the records of Empire. Secondly, that the trial court failed to consider these checks in calculating the unpaid balance.
We will consider plaintiff’s first and second assignments of error together. In the findings of fact and conclusions of law, the trial court made the following statements: First, in considering the cancelled checks, “* * * I have listened to this very carefully and I think I understand it very very well. I know about defendants’ exhibit 1, 2, 3, 4, 5 & 6, the checks. It appears to the court and I think the evidence bears out what I have heard here that these checks which were short checks were made good and then they were made good and given credit and the man specifically stated that he gave credit on all of these checks that were bad. He went out and checked, got the money from the man, he got checks from him and every one of the short checks that he got the man made up. But there was still due and owing at the balance, at the end of the period of time $918.86. * * *” Second, finding that all the payments were reflected in the records,
“* * * The question of the checks is very interesting. But in my opinion the checks that are exhibits, were checks that were made that were given to cover the bum checks of the short checks, so called, that were given before and I am satisfied from the testimony and from plaintiffs’ *162 exhibit ‘B’ [the ledger] that every cent that Mr. Stathopulos paid he got credit for but he didn’t pay enough.
After reviewing the record, we find that the evidence presented to the trial court was sufficient to warrant the entry of judgment in favor of the plaintiff.
The third error asserted by Stadium is that Empire failed to sustain its burden of proof as to three deliveries of meat. It appears that the receipts involved in these three deliveries either had illegible signatures or allegedly unauthorized signatures. However, after review; ing the record, there appears to be a definite conflict in the testimony. There is ample evidence to support the trial court’s determination that the Stadium did, in fact, receive the deliveries in question.
Stadium, in support of its argument, cites us the case of Rocky Mountain Beverage, Inc. v. Walter Brewing Company, 107 Colo. 63, 108 P.2d 885. In that case, this court did not reach the question of whether deliveries had to be specifically proved when contested. However, there is authority to the effect that it is unnecessary to prove the actual delivery in a suit on an account. Testimony as to the usual manner of doing business and the records is sufficient evidence from which to draw the inference that the deliveries were made.
The final argument asserted by Stadium is tha* the trial court committed error in admitting testimony offered by a witness who could not determine from the books which payments were made by cash and which payments were made by check. The plaintiff in error stated that he objected to the witness’ testimony based on the failure of the witness to identify the mode of payment. The record does not disclose any such objection. We also note that under the facts of this case, it is irrelevant whether the payments were made by cash or by check. What is important is the question of whether the payments were, in fact, made and, if so, whether ¡Stadium was given credit for them. As to these questions, the *163 witness’ testimony was precise. We therefore hold that the testimony of the witness was admissible and was sufficient, if believed by the trier of fact, to prove the matter in-issue.
Finding no error we affirm the judgment of the trial court.