142 N.J. Super. 205 (1976)
361 A.2d 68
SEARS, ROEBUCK & COMPANY, PLAINTIFF-APPELLANT,
v.
THERESA M. MERLA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1976.
Decided June 7, 1976.
*206 Before Judges LYNCH, LARNER and HORN.
Mr. Alan M. Kessler argued the cause for appellant (Messrs. Pressler and Pressler, attorneys; Mr. Edwin J. Hanke, on the brief).
Mr. Martin T. McCue argued the cause for respondent (Messrs. Anschelewitz, Barr, Ansell & Bonello, attorneys; Mr. Alexander D. Lehrer on the brief).
PER CURIAM.
Plaintiff appeals from an order dismissing its complaint on an alleged book account. Plaintiff claimed that defendant owed it $577.69. The trial judge dismissed the complaint before trial on defendant's motion seeking either more specific answers to her interrogatories or, alternatively, dismissal of the complaint for failure to comply with a prior order for more specific answers.
At the argument of defendant's motion it developed that plaintiff intended to rely at trial on a computer printout of defendant's account, that plaintiff had destroyed the original invoices when the information they contained was transferred to the computer, and that plaintiff was unable to give a description of the goods sold. However, plaintiff stated that the computer printout would show the dates, costs, and departments from which the various purchases were made, the number of defendant's credit card, the payments made on the account, and the balance presently due.
*207 The judge below, expressing a disdain for computer technology, concluded that he would not accept the computer printout as evidence at trial and that this justified dismissal of the complaint without a trial.
We reverse. Under the circumstances here, the judge below erred in entering judgment before trial, thus depriving plaintiff of any opportunity to present its proofs. Cf. Hirsch v. Schwartz, 87 N.J. Super. 382, 387 (App. Div. 1965). But beyond that, this action is nothing more than a suit upon a book account where plaintiff seeks to introduce its records under the old "shopbook rule" now expressed in Evid. R. 63(13) which superseded the Business Records as Evidence Act, N.J.S.A. 2A:82-34 et seq. See Mahoney v. Minsky, 39 N.J. 208, 217-219 (1963). We hold that as long as a proper foundation is laid, a computer printout is admissible on the same basis as any other business record.
The Rules of Evidence Commission of the New Jersey Legislature gave the following illustration of the meaning of Rule 1(13) defining a "writing" as used in the Rules of Evidence: "A printout of paper from invisible recordings in a computer is a writing, but proof of suitable safeguards is required."
And the Commission's comment to Rule 63(13) states:
In combination with Rule 1(13), this rule covers printouts of computer recordings that would otherwise be considered "writings."
Computerized bookkeeping has become commonplace. Because the business records exception is intended to bring the realities of the business world into the courtroom, a record kept on computer in the ordinary course of business qualifies as competent evidence. This result is in accordance with that reached in other jurisdictions. See, e.g., Union Elec. Co. v. Mansion House Ctr. No. Redev. Co., 494 S.W.2d 309, 314-315 (Mo. Sup. Ct. 1973); King v. State ex rel. Murdock Acceptance Corp., 222 So.2d 393, 396-398 (Miss. Sup. Ct. 1969); Merrick v. United States Rubber Co., 7 Ariz. App. 433, 440 P.2d 314, 316-317 (App. Ct. 1968); *208 Transport Indemnity Co. v. Seib, 178 Neb. 253, 132 N.W.2d 871, 873-875 (Sup. Ct. 1965); McCormick, Evidence (2d ed. 1972), § 314. Of course, if the computer printout at issue here is admitted at trial, it will constitute only prima facie evidence of an account stated. Defendant will have the opportunity to refute plaintiff's evidence.
Judgment is reversed and the matter is remanded for further proceedings not inconsistent with the views expressed herein.