600 P.2d 79 (1979)
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, Plaintiff-Appellee and Cross-Appellant,
v.
YOUNG LIFE CAMPAIGN, INC., a Texas Corporation, Defendant-Appellant and Cross-Appellee.
No. 78-343.
Colorado Court of Appeals, Div. II.
March 22, 1979.
Rehearing Denied April 19, 1979.
Certiorari Denied September 17, 1979.
*80 Wagner, Wyers, Vanatta & Spelts, P. C., Harold B. Wagner, Denver, for plaintiff-appellee and cross-appellant.
Holme, Roberts & Owen, Richard R. Young, James T. Flynn, Colorado Springs, for defendant-appellant and cross-appellee.
VAN CISE, Judge.
This action was brought by United States Fidelity and Guaranty Company (USF&G) against the defendant, Young Life Campaign, Inc. (Young Life), to collect additional premiums allegedly owing on various policies of insurance. Trial to the court resulted in a judgment for USF&G. Young Life appeals and we reverse.
USF&G issued certain policies of workmen's compensation, general public liability, and automobile insurance to Young Life, covering the period from November 1, 1970, to October 1, 1972. USF&G contended that the insurance agreements each included a "Retrospective Premium Endorsement" under which the insurance premiums would be adjusted up or down, depending upon various factors, including the insured's claims experience during the life of the policy. USF&G's claim in this case arises out of additional premiums claimed to be due under the retrospective adjustment plans.
Young Life contends that the trial court erred in admitting, over objection for lack of foundation, certain computer printouts purporting to reflect computations of the retrospective premium adjustments. The printouts were offered for the purpose of proving damages. The computations were claimed to have been arrived at by applying to the standard premiums the various factors agreed upon, such as claims experience.
The only evidence offered by USF&G as foundation for admission of these documents was the testimony of Mr. Larson, one *81 of USF&G's agents, and that of Mr. Dunson, an underwriter from USF&G's Denver office. Neither witness was a custodian of the records, supervised their preparation, understood how the final figures were arrived at, knew how the computer process worked, or knew what safeguards existed to insure that the information contained in the exhibits was accurate. The trial court originally ruled, following the testimony of Larson and Dunson, that the computer documents were not admissible under the business records exception to the hearsay rule, because no sufficient foundation had been laid.
Following this ruling, USF&G called Mr. Taylor, an official of Young Life, as an adverse witness. So far as here pertinent, he testified that Young Life had not made specific objections to any particular figure contained in the computer printouts; however, he stated he did not understand the documents and denied any liability for additional payments. The trial court then admitted the documents, ruling that sufficient foundation had been laid.
The computer documents, as out-of-court statements offered for the truth of the matter contained therein, are unquestionably hearsay. See Empire Diesel, Inc. v. Brown, 146 Colo. 477, 361 P.2d 964 (1961). The party offering such hearsay evidence has the burden of establishing the foundation necessary to bring them within an exception to the hearsay rule. See Patterson v. Pitoniak, 173 Colo. 454, 480 P.2d 579 (1971).
The question here presented is, what are the foundational requirements which must be shown to bring computer generated records within the business records exception to the hearsay rule. Although the foundation is basically the same as that required for other business records, see Sears, Roebuck & Co. v. Merla, 142 N.J.Super. 205, 361 A.2d 68 (1976), it has special application in the case of computerized business records. In deciding this issue, we must look to the common law for guidance, since there is no applicable statute[1] or Rule[2] in Colorado.
Under the common law the foundation necessary for admission of a business record is proof that it was made at or near the time of the event it records, by a person acting in the ordinary course of business, upon information coming to that person in the routine course of business. See S. Gard, Jones on Evidence § 12:3 (1972); J. Wigmore, Evidence §§ 1517-61 (3rd ed. 1974). Business records are admissible if the requirements of this exception are met, because the fact that they were made in the regular course of business affords sufficient assurance that the facts recited therein are trustworthy. See Jones, supra, at § 12:3 (text accompanying note 12).
Applying these common law foundation requirements, the court in North Carolina v. Springer, 283 N.C. 627, 197 S.E.2d 530 (1973) held that computer records, otherwise material and relevant, were admissible if (1) the computer entries were made in the regular course of business, (2) at or near the time of the transaction involved, and (3) if this foundation is established by a person sufficiently familiar with the records and the method of their production to satisfy the court that the methods, sources of information, and time of preparation rendered the evidence trustworthy. See also Cotton v. John W. Eshelman & Sons, Inc., 137 Ga.App. 360, 223 S.E.2d 757 (1976); King v. State ex rel. Murdock Acceptance Corp., 222 So.2d 393 (Miss.1969); Transport Indemnity Co. v. Seib, 178 Neb. 253, 132 N.W.2d 871 (1965). See generally, Annot., 11 A.L.R.3d 1377.
*82 We here find that a proper foundation was not laid. Neither the custodian of the records nor any person familiar with their preparation testified. There was no testimony establishing when the information contained in the documents was fed into the computer, i. e., when it was recorded. No testimony showed that the information was transmitted by one with personal knowledge. And it was not shown that the documents were produced in the regular course of business or that it was the regular practice of the business to make this record.
In short, USF&G laid no foundation whatsoever, cf. Merrick v. United States Rubber Co., 7 Ariz.App. 433, 440 P.2d 314 (1968), and the trial court had no basis for concluding that the hearsay exhibits were sufficiently trustworthy to fall within the business records exception. Cf. Department of Highways v. Intermountain Terminal Co., 164 Colo. 354, 435 P.2d 391 (1967) (the witness prepared the documents); Rocky Mountain Beverage, Inc. v. Walter Brewing Co., 107 Colo. 63, 108 P.2d 885 (1940) (records kept in regular course of business and information obtained from one with personal knowledge). Admitting these computer printout exhibits was reversible error, and therefore the case must be retried. See American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co., 31 Colo.App. 240, 503 P.2d 163 (1972).
This court sees no merit to any of the other points of claimed error raised by Young Life on this appeal. As to USF&G's cross-appeal, if upon retrial proper foundation should be laid for the admission of any of the printout statements of account and judgment should be entered based thereon, each principal amount would be a liquidated sum and would bear legal interest from the date such statement was rendered. York Plumbing & Heating Co. v. Groussman Investment Co., 166 Colo. 382, 443 P.2d 986 (1968); Bloom v. Wolfe, 37 Colo.App. 407, 547 P.2d 934 (1976).
The judgment is reversed and the cause is remanded with directions to grant a new trial.
ENOCH and BERMAN, JJ., concur.
NOTES
[1] Colorado's book account statute, § 13-90-103, C.R.S.1973, was repealed, effective May 26, 1977. The instant case was filed July 15, 1975, and was tried commencing December 7, 1977.
[2] The Colorado Supreme Court has not adopted any Rules of Evidence. C.R.C.P. 43(a) is no help because the federal statute, 28 U.S.C. § 1732(a), which would have governed admission of these business records, see Powell v. Brady, 30 Colo.App. 406, 496 P.2d 328 (1972), was repealed in 1975. Pub.L. No. 93-595 § 2(b), 88 Stat. 1949.