The **PEOPLE of the State of Colorado,** Plaintiff-Appellee, In the Interest of R.L., Minor-Child Appellant, and Concerning L.L., Respondent.

No. 81CA1319.

Colorado Court of Appeals, Div. I.

Jan. 20, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, John Milton Hutchins, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for minor-child appellant.

STERNBERG, Judge.

R.L., the minor child-appellant, was adjudicated delinquent by a jury for commission of an act which would have constituted first degree arson if committed by an adult. Arguing he should have been allowed to introduce evidence pointing to guilt of another, and that a mistrial should have been granted when an alleged admission was erroneously admitted, R.L. appeals. We reverse and remand for a new trial.

A fire occurred in a run-down apartment building in Denver around midnight. There were few tenants in the building, it largely being vacant and uninhabitable. R.L. lived in the neighborhood and frequently visited a nearby building where several friends lived. According to the evidence, on the day of the fire R.L. had been playing frisbee and drinking beer with his friends to celebrate his birthday. R.L. testified that he went home at approximately 10:30 and later heard sirens. Because he had friends living in buildings near the place the fire trucks stopped, he walked over to see what happened.

The prosecution produced two witnesses who testified to having seen R.L. in the building when the fire started. One of them testified that he watched R.L. enter the building with a quart or gallon size bottle and leave without the bottle just before the fire started. This witness had been drinking beer after work while sitting on his porch across and down the street from the premises in question. The other witness testified that he saw R.L. flee down the hallway when he opened his apartment door to see what the explosion was. They agreed as to the clothing R.L. wore and both recognized him as being from the neighborhood.

Over R.L.'s objection, a fire investigator testified that a 16-year-old resident of the building, Diane Shorty, informed him that R.L. asked her, "What do you think of the fire I started?" In R.L.'s testimony he explained that this comment was a joke because he had a reputation of being a troublemaker and was often teased about being the cause of trouble when his friends heard sirens in the neighborhood.

During cross-examination of a defense witness, Celia Gaitan, after she said she did not remember speaking to R.L. that night, the prosecution asked whether R.L. told her he lit the fire because it was his birthday. R.L. objected and requested a mistrial because the admission had not been furnished to the defense and because the prosecutor admitted that he had not interviewed the witness to determine how she would answer. Ruling on the mistrial was reserved until the court could determine how the witness would answer and whether there was a basis for the question. Prior to the court's ruling, and in the presence of the jury, Ms. Gaitan stated she had not heard R.L. make the statement.

The prosecution then repeated the statement and asked if she had told a third person that R.L. had made the statement. She replied affirmatively, and testified that she had heard it from one Dewey Thompson. During redirect examination, the

court, repeating the statement again, asked her whether she had related the statement to the third party and she replied that she had. The court asked her to repeat exactly what she told the third party, whereupon the damaging statement was repeated for the fourth time. Dewey Thompson, the source of the statement, had been declared incompetent to testify following a psychiatric evaluation finding him prone to indulge in fantasy and confabulation.

Following this questioning, the court denied the mistrial but sustained the defense objection to questioning without a factual basis for the question. As a curative measure, R.L. was allowed to have the witness explicitly deny having heard R.L. make the statement. The court ordered the question stricken from the record and instructed the jury to disregard the question.

When R.L. testified, he related his whereabouts at the time of the fire, and denied making the statement to Dewey Thompson although he admitted making the comment to Diane Shorty.

R.L. then sought to adduce evidence implicating in the arson a former owner who still held a security interest in the building. He called a witness who testified to observing a truck leave the scene at high speed with its headlights off. Later, the truck was found to be registered to the former owner of the building. R.L. then attempted to call the former owner as a witness in order to inquire into his financial records, the disposition of the insurance proceeds (which purportedly relieved an encumbrance he was liable for), and a fire in another building he owned nearby.

The court ruled that as a foundation for this testimony R.L. must establish this witness' connection with the fire, and instructed him to call the driver of the truck. The driver, an employee of the former owner, explained his presence at the scene as being related to a visit to his girlfriend, who lived in the neighborhood. The court ruled that the foundation was not adequate to permit evidence which would implicate another.

## I.

██ Relying on *People v. Mulligan,* 193 Colo. 509, 568 P.2d 449 (1977), R.L. contends that evidence that the former owner of the building had a motive to commit arson should have been admitted. We agree.

██ In *Mulligan,* the court held that evidence of another's opportunity or motive must be preceded by proof that such person committed some act directly connecting him with the crime. This rule is premised on the need to place reasonable limits on collateral issues and to avoid undue prejudice to the prosecution by encouraging jury speculation. *People v. Green,* 27 Cal.3d 1, 164 Cal.Rptr. 1, 609 P.2d 468 (1980). The evidence presented must create more than an unsupported inference, or a possible ground for possible suspicion. *State v. Renteria,* 21 Ariz.App. 403, 520 P.2d 316 (1974). When the evidence amounts only to proof of opportunity or motive, then it is still in the realm of suspicion, *Green, supra,* and should not be admitted.

The evidence presented by R.L. was not merely that of motive or opportunity. A disinterested witness' account of seeing the truck, which was registered to the former owner, speeding down the alley without lights near the time of the fire is tangible evidence connecting him with the crime. The witness testified that he observed the truck speed around the corner into the alley and watched it until he lost sight of it halfway down the alley behind his apartment.

The driver explained that he was on his way from his girlfriend's apartment to visit the local bootlegger, whose back door was on the alley. He claimed that his lights were off to avoid drawing attention to his activities and because he was getting ready to park, but he said he was not speeding and was not in any particular hurry. This explanation does not serve to destroy the relevance of the evidence implicating the former owner of the building. It merely raised an issue of credibility to be determined by the jury.

## II.

Because of our resolution of the first issue, we do not address the propriety of the court's ruling on R.L.'s request for a mistrial. But, because the issue will arise on retrial, we address the admissibility of R.L.'s alleged admission as testified to by Ms. Gaitan and related to her by a witness who was declared incompetent. On retrial this evidence should not be admitted.

 R.L.'s admission, if testified to by Dewey Thompson, is admissible under Colorado Rules of Evidence 801(d)(2)(A). *See Quinn, Hearsay in Criminal Cases Under the Colorado Rules of Evidence,* 50 *U.Colo. L.Rev.* 277 (1979). Ms. Gaitan's testimony of what Thompson, an out-of-court declarant, said to her is hearsay. *United States Fidelity & Guaranty Co. v. Young Life Campaign, Inc.,* 42 Colo.App. 298, 600 P.2d 79 (1979). The prosecution has the burden of showing the statement falls within an exception to the hearsay rule. Colorado Rules of Evidence 802; *United States Fidelity, supra.* However, to fall within any exception to the hearsay rule, the declarant himself must not lack the testimonial qualifications that would be required for him to take the stand. 6 *J. Wigmore, Evidence* § 1751 (Chadbourn rev. ed. 1976). *See Lancaster v. People,* 200 Colo. 448, 615 P.2d 720 (1980). Where, as here, the testimonial incapacity of the declarant stems from a psychiatric disorder, and is such that the guarantees of trustworthiness implicit in the exceptions to the hearsay rule would not vitiate the incompetency, any testimony derived from that statement is not admissible. *Cf. Lancaster v. People, supra.*

The judgment is reversed and the cause is remanded for a new trial.

COYTE and KIRSHBAUM, JJ., concur.