The FIRST NATIONAL BANK OF COLORADO SPRINGS, a National Banking Association, Trustee, Plaintiff-Appellant,

v.

Adeline M. MORRIS, Louis M. Morris, GLM Properties, a partnership; Michael C. Craig; Garry L. Gossage; Lonna L. Gossage, doing business as GLM Properties, a partnership; William C. Kitch; Vincent C. Napoli, Public Trustee of the City and County of Denver, Defendants-Appellees.

No. 84CA0014.

Colorado Court of Appeals, Div. III.

Dec. 26, 1985.

Rehearing Denied Jan. 23, 1986.

Certiorari Denied July 7, 1986.

Spurgeon, Haney & Howbert, P.C., Gregory R. Piché, Colorado Springs, for plaintiff-appellant.

George A. Hinshaw, P.C., George A. Hinshaw, Irvin M. Kent, Aurora, for defendants-appellees.

BERMAN, Judge.

Plaintiff, The First National Bank of Colorado Springs (bank), trustee for the M. Frances Bennett Trust, appeals the judgment in favor of defendants, Adeline and

Louis Morris (Morris), GLM Properties, William C. Kitch, and Vincent Napoli, holding that a promissory note in the amount of $20,000 by Morris owed to Bennett was cancelled and forgiven. We disagree and therefore reverse.

On February 5, 1970, Morris executed and delivered a note in the amount of $20,000 to Bennett. The note provided for quarterly interest payments only on the unpaid balance, and the principal due on March 2, 1980. On June 24, 1970, Morris executed a deed of trust in favor of Bennett which purported to secure a note of that same date, providing for quarterly interest payments until the note was paid in full.

The bank received the deed of trust from Bennett without the note on January 20, 1971. Bennett died nine months later. At the time of Bennett's death, Morris had paid down the principal balance to $12,648. Morris made quarterly interest payments on the unchanging principal balance of $12,648 from November 9, 1971, until April 16, 1980.

On April 10, 1980, Morris notified the bank that, according to the terms of the deed of trust and the note of June 24, 1970, between Morris and Bennett, upon payment of the next interest installment, the loan would be cancelled and paid in full.

The bank disagreed and filed this action. The bank objected to Mrs. Morris' testimony on several grounds, including her competence to testify because of the Dead Man's Statute. The trial court, ignoring the Dead Man's Statute objection, admitted Mrs. Morris' testimony as admissions against interest by Mrs. Bennett under CRE 804.

The court issued its order, holding that the principal balance had been forgiven at the time of Bennett's death, and that only the obligation to pay interest remained. Thus, the court dismissed the bank's complaint. This appeal ensued.

The bank contends on appeal that the district court wrongfully permitted Adeline Morris to testify that the note had been forgiven by Bennett, that the note was given to her marked paid, and that she subsequently destroyed the note. Its contention is that the testimony of Mrs. Morris was incompetent and should have been barred by the Dead Man's Statute, § 13–90–102, C.R.S. (1985 Cum.Supp.). The Morris response is that even if the Dead Man's Statute does apply, this case falls into its exceptions. We agree with the bank and therefore reverse.

Section 13–90–102, C.R.S. (1985 Cum. Supp.) provides that:

"(1) No party ... shall be allowed to testify ... in his own behalf ... when any adverse party sues ... as the trustee ... of any deceased person ... except in the following cases:

(a)(I) ... a party ... may testify to facts occurring after the death of such deceased person.

(b) when ... any agent of any deceased person testifies ... to any conversation ... between the agent and the opposite party ... such party ... may testify concerning the same conversation...."

The statute is a limitation on § 13–90–101, C.R.S., which permits, with certain exceptions, all persons who have an interest in the event of an action to be witnesses. *Patterson v. Pitoniak*, 173 Colo. 454, 480 P.2d 579 (1971). A purpose of the Dead Man's Statute is to protect a decedent's estate from testimony of claimants concerning acts or transactions with the decedent since the decedent cannot testify upon the matters in controversy. This serves to put both parties on an equal footing at trial. *Cliff v. Cliff*, 23 Colo.App. 183, 128 P. 860 (1912). *See National State Bank v. Brayman*, 30 Colo.App. 554, 497 P.2d 710 (1972), *rev'd on other grounds*, 180 Colo. 304, 505 P.2d 11 (1973).

■ The district court misperceived the issue as a question of evidence; rather, the issue was a question of the competence of the witness to testify in light of the statutory bar. By the terms of the statute, Mrs. Morris is an adverse party defending the suit by the trustee bank of the deceased

Bennett, and should not have been allowed to testify in her own behalf. Section 13–90–102, C.R.S. (1985 Cum.Supp.).

The Morris' assertion that, even if the Dead Man's Statute does apply, this case falls into two of its exceptions, is erroneous. First, Morris argues that Mrs. Morris' testimony falls under the exception in § 13–90–102(1)(a)(I) in that it related to events occurring after the death of Mrs. Bennett because her testimony concerned a conversation she had regarding forgiveness of the note with a bank officer after Bennett's death.

■ This assertion is a guise to circumvent the plain meaning of the statute. Mrs. Morris' testimony was evidence of a transaction with a deceased person. The fact that the testimony concerns a conversation with someone after the death of the deceased person has no bearing on the nature of the testimony itself. The testimony was offered as proof of an alleged conversation with Bennett who cannot now refute it. Such testimony is clearly prohibited by the terms of the statute and does not fall into any exception.

■ Secondly, Morris asserts that since one Gernand, an officer of the bank, testified as an agent of the deceased regarding the loan made by Bennett to Morris, and the documents evidencing that transaction, then, under § 13–90–102(1)(b) and (1)(c), the door was opened for Mrs. Morris to give her version of the same transaction.

Morris' assertion is groundless. No person from the bank testified as to the purported conversations or transactions relating to the forgiveness of the note. The mere identification by the bank officer as to the bank's responsibilities and its management of the decedent's trust estate does not open the door for testimony by an incompetent witness to facts in issue occurring before Bennett's death. The statute may not be so easily avoided.

The judgment is reversed and the cause is remanded for further proceedings.

TURSI and METZGER, JJ., concur.