Affirmed.

STEVENS, P. J., and CASE, J., concur.

482 P.2d 891

W. Ed DRUMWRIGHT and Dorothy Drumwright, husband and wife, Mollison Development & Investment, Inc., a corporation, Interstate One-Stop Tourist Service, Inc., an Arizona corporation, and Kerstiens Parts & Machines, Inc., an Arizona corporation, Appellants,

v.

LYNN ENGINEERING & MANUFACTURING, INC., an Arizona corporation, Appellee.

No. I CA–CIV 1283.

Court of Appeals of Arizona,
Division 1.
March 18, 1971.

Douglas L. Peacock, Phoenix, for appellants.

Lindauer & Kadish, by Thayer C. Lindauer, Kanne & Bickart, by Allen B. Bickart, Phoenix, for appellee.

HATHAWAY, Judge.

This appeal deals with two causes, consolidated in the Superior Court of Maricopa County, the first being an action upon a promissory note in the amount of $2,600 executed by appellants Drumwright and Mollison to appellee, Lynn Engineering and Manufacturing, Inc., an Arizona corporation. The second action was on an assignment by Kerstiens Parts and Machines, Inc. of accounts receivable given to secure loans. Judgment was entered for plaintiff-appellee after trial to the court sitting without a jury. The appellants, defendants below, appeal from that judgment. Further detail of the transactions and relationships among the parties is unnecessary, at this juncture, to consideration of the problems raised on appeal.

Appellants attack the foundation laid for certain exhibits admitted under Rule 44(q) of the Arizona Rules of Civil Procedure, 16 A.R.S., Uniform Business Records as Evidence Act, which provides:

"44(q) Proof of business record; definition; as evidence.

1. The term 'business' includes every kind of business, profession, occupation, calling or operation of institutions, whether or not carried on for profit.

2. Any record of an act, condition or event, shall, insofar as relevant, be com-

petent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The problem centers about 4 exhibits—ledger sheets, cancelled checks, deposit slips and a recapitulation of the information reflected by the preceding records. Appellants contend that the records were not sufficiently authenticated and were not made "in the regular course of business" as required by Rule 44(q).

Preparatory to offering the exhibits, plaintiff's comptroller, Mr. Cain, testified that he was in charge of plaintiff's business records, that he was directly responsible for the maintenance and preservation of the records, and that the books and records were kept in the ordinary course of business. The records appear to reflect transactions for the period from September 30, 1967, through April 27, 1968. Mr. Cain testified that he went to work for the company on March 11, 1968. The parties are agreed that there is no necessity to authenticate the records through the party that made the entries. The objection seems to be directed rather to the sufficiency of the comptroller's personal knowledge of the method and time of preparation, and the sources of information, citing State v. Hoffman, 78 Ariz. 319, 279 P.2d 898 (1955), which is not a particularly helpful reference since the court declined to answer the question because it had not been preserved by sufficient objection in the trial court. Here, Mr. Cain worked for plaintiff during the last six weeks of the period in question and supervised the entries made during that period. The ledger was prepared in numerical sequence corresponding in time and number with the checks and as we have previously observed, the checks, deposit slips, and recap sheets were also admitted. The trial court noted that the comptroller had compared the checks with the ledger entries and found them to be in order. We are of the opinion that the exhibits were properly admitted. The custodian of the records during the greater period in question was unavailable to testify since he was gravely ill in the Veteran's Hospital. The testimony of the present custodian amply establishes the records' authenticity. The trial court is afforded broad discretion in the admission of such records, Merrick v. United States Rubber Co., 7 Ariz.App. 433, 440 P.2d 314 (1968), and the exhibits and testimony adequately reflect that an accurate account of the events transpiring in the period in question was recorded. Any objection to the records because of their preparation under the supervision of a Comptroller, other than the witness, which was the situation with the majority of the entries, goes to their weight and not their admissibility. Nothing appears in the record to cast distrust upon them.

▮▮▮ Appellants attribute more importance to their objection that the records were hearsay evidence and did not qualify as a business record exception, contending that they were not prepared in the regular course of business. Appellants contend that the Uniform Business Records as Evidence Act, Rule 44(q) of the Rules of Civil Procedure, is merely a codification of the common law which did not allow business records to show loans unless the business was banking or lending money, since loans were not considered to be "in the ordinary course of business." Appellee's business was manufacturing and not money lending. This argument is considered in 13 A.L.R.3d 284 at 288:

"It has been recognized that one effect of the statutes admitting business records in evidence was to permit the reception of records properly falling within the statutes notwithstanding the fact that the records related to loans or payments of money." ·

Any question of self-serving nature of the records goes to the weight of the evidence rather than admissibility. See also Maho-

ney v. Minsky, 39 N.J. 208, 188 A.2d 161 (1963).

■ Appellants contend the court erred in denying their counterclaim and in denying their motion to amend at end of trial to conform to the evidence. The counterclaim was based on fraudulent inducement and representation which led appellants to the indebtedness. Rule 13(f) of Rules of Civil Procedure, A.R.S. Vol. 16, governs omitted counterclaims when there has been "oversight, inadvertence, or excusable neglect, or when justice requires." Such power is discretionary with the judge. Rule 13(f), Harbel Oil Company v. Steele, 1 Ariz.App. 315, 402 P.2d 436 (1965). The trial court found inexcusable neglect on the part of appellants since they had known the existence of such a claim long prior to the eventual filing of the counterclaim. In April of 1968, the complaint and answer were filed. In June 1968, the complaint was amended, and answer to this was filed in July 1968. In this answer the substance of the counterclaim was asserted as an affirmative defense. Trial was set for September 1968 but was continued at request of both sides wherein appellant indicated a desire to file a counterclaim which was never filed. It was not until July 1969 after pretrial in which appellants filed no memorandum that a counterclaim was filed. Trial had been set for September 1969, and motion to strike counterclaim was granted. Under the circumstances we cannot say the trial court abused its discretion. 15(b) Arizona Rules of Civil Procedure; Beckwith v. Clevenger Realty Co., 89 Ariz. 239, 360 P.2d 596 (1961). Since fraud was pled as an affirmative defense in the answer, it is logical that evidence as to fraud would be introduced. Appellants were not prejudiced in that the judgment was favorable to appellee since what would have to be proved in the counterclaim, fraud, was also what had to be proved to sustain the affirmative defense. This defense was not successful.

■ Finally appellants object on the ground that the trial court exceeded its jurisdiction by rendering a judgment inconsistent with the pleadings. Appellants state that the action and complaint were based on a document assigning the accounts receivable to Lynn Engineering Corporation while the evidence and proof at trial showed that the assignment was made not to the corporation but to Charles Lynn personally. Appellants therefore claim the judgment is fatal for the reason that the pleadings and judgment are not sustained by the proof. Exhibit 1 is the actual agreement of assignment of the accounts receivable and lists Charles Lynn as the assignee. However, exhibits 2 and 3 which are filing documents required by A.R.S. § 44–801 to 44–808 and notice of assignment required to be filed with the Secretary of State were filed subsequent to the original assignment agreements and list Lynn Engineering and Manufacturing, Inc. as the assignee of the accounts receivable. The president of the assigning corporation signed all three documents on behalf of the assigning corporation. At no time during the signing of exhibits 2 and 3 was any objection made by the president to the listing of Lynn Engineering and Manufacturing, Inc. as designated assignee of the accounts receivable. Considering the totality of the circumstances, there was enough evidence on which the trial could find that the true intent of the parties involved in the assignment was that Lynn Engineering and Manufacturing, Inc. was to be the assignee of the accounts receivable.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.