NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

NATIONAL BANK OF ARIZONA, N.A., *Plaintiff/Appellee*,

*v.*

GREGORY R. BODINE, *Defendant/Appellant*.

No. 1 CA-CV 13-0042
FILED 4-1-2014

———————————————

Appeal from the Superior Court in Yavapai County
No. P1300CV20091144
The Honorable Kenton D. Jones, Judge

**AFFIRMED**

———————————————

COUNSEL

Shapiro, Van Ess & Sherman, LLP, Phoenix
By Jason P. Sherman

*Counsel for Plaintiff/Appellee*

Gregory R. Bodine, Prescott

*Defendant/Appellant in Propria Persona*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

¶1         Gregory R. Bodine (Bodine) appeals from the trial court's decision denying his motion for a new trial and striking his cross-claim against his co-defendant and ex-wife, Melody Thomas-Morgan (Thomas-Morgan).  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         In 2005, appellee National Bank of Arizona (National) loaned Bodine and Morgan-Thomas money to purchase real property in Dewey, Arizona.  Bodine and Morgan-Thomas signed a promissory note and the loan was secured by a deed of trust encumbering the property. Bodine and Morgan-Thomas were divorced in 2008.  Bodine and Morgan-Thomas defaulted on the loan, and National noticed a trustee's sale.  At the trustee's sale in May 2009, National purchased the property for its credit bid of $48,000.  At the time of the foreclosure sale, the amount owed on the note and deed of trust was $165,212.09.

¶3         In July 2009, National Bank filed a complaint in the trial court seeking a deficiency judgment against Bodine and Morgan-Thomas. National filed a motion for summary judgment, which the trial court granted in part in February 2011, finding that Bodine and Morgan-Thomas were liable for a deficiency judgment.  The court set a valuation hearing and, after considering the parties' evidence and closing arguments, ruled that the fair market value of the property was $85,000 at the date of the foreclosure sale.[1]   Bodine filed a cross-claim against Thomas-Morgan in August 2012, after the trial court's ruling.   In September 2012, the trial court entered a deficiency judgment against

---

[1] National's expert testified that the value of the property as of the date of the foreclosure sale was $58,000.   Bodine & Morgan-Thomas's expert testified that the value of the property was between $177,260.00 and $220,030.00.

Bodine and Thomas-Morgan in the amount of $80,212.09 ($165,212.09 loan amount due minus $85,000 fair market value), plus attorneys' fees and costs. Bodine filed a motion for new trial pursuant to Arizona Rule of Civil Procedure 59(a)(1),(2),(3),(5),(6), and (8) in October 2012.

¶4        In an unsigned minute entry, the trial court denied the motion for new trial and dismissed Bodine's cross-claim as untimely. Bodine appealed. We suspended the appeal to allow Bodine to obtain a signed order from the trial court, and he did so. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 12-2101(A)(1) and (5)(a) (Supp. 2013).

## DISCUSSION

¶5        At the outset, we note that Bodine's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure. Arizona Rule of Civil Appellate Procedure (ARCAP) 13(a)(4) requires "[a] statement of facts relevant to the issues presented for review, with appropriate references to the record." Rule 13(a)(6) requires an argument section "contain[ing] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."

¶6        The opening brief fails to provide a statement of facts. Instead, in a section entitled "Statement of Facts" Bodine directs us to "transcripts of trial and hearings below, as well as the Index of Record," without actually citing the record. This does not comply with ARCAP 13(a)(4). The argument section also lacks citations to the record and to relevant authority to support Bodine's arguments.[2]

¶7        The opening brief fails to even minimally comply with ARCAP 13. We may dismiss the appeal for this reason. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43, 678 P.2d 525, 527-28 (App. 1984). However, even overlooking the defects in the opening brief, we find no error in the trial court's decision.

¶8        Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P.

---

[2] For example, Bodine repeatedly asserts that the family court ordered Thomas-Morgan to obtain a new loan on the property in her name only but provides no citation to the record for his assertion.

56(a). We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing summary judgment. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003). Because the trial court has heard the evidence and observed the demeanor of witnesses, the trial court has broad discretion in granting or denying a motion for new trial. *Mammo v. State*, 138 Ariz. 528, 533-34, 675 P.2d 1347, 1352-53 (App. 1983).

**¶9**       First, the trial court granted Thomas-Morgan's motion to strike Bodine's cross-claim because it was filed three and one- half months after the trial in this matter, after the court had ruled on the matter, and was therefore untimely.  We find no abuse of discretion.  *See Lake v. Stewart*, 117 Ariz. 520, 523, 573 P.2d 920, 923 (App. 1977) (trial court's discretion to allow amendment to include a counterclaim ends once trial begins); *Drumwright v. Lynn Eng'g & Mfg.*, 14 Ariz. App. 282, 285, 482 P.2d 891, 894 (1971) (power to allow counterclaim is discretionary with the trial court).

**¶10**       To the extent that Bodine argues that the trial court erred by entering the deficiency judgment against him, we disagree.  Even if Bodine and Thomas-Morgan's divorce decree ordered Thomas-Morgan to refinance the note and deed of trust to remove Bodine's name[3], Bodine was still liable under the note and deed of trust.  Creditors are not bound by the family court's allocation of community obligations. *Community Guardian Bank v. Hamlin*, 182 Ariz. 627, 631, 898 P.2d 1005, 1009 (App. 1995).

**¶11**       Bodine further argues, without supporting his argument, that the court should have "monitor[ed] and ensure[d]" that Thomas-Morgan  obtained a new loan and transferred the property into her own name, and that the family court should have included an "indemnification provision" in the divorce decree.  An action to enforce Bodine's divorce decree was not within the purview of the trial court here, however.  To the extent that Bodine argues that the divorce decree was unjust and that the family court violated his constitutional rights, we do not consider these arguments in this appeal.

**¶12**       Bodine argues that the trial court's ruling is a violation of the ex post facto provisions of the Arizona and U.S. Constitutions.  We do not

---

[3] As noted above, Bodine provides no citation to the record for this assertion.

consider this argument because it was not raised in the trial court. Bodine also argues that the trial court in this matter violated his due process rights by refusing to consider his cross-claim, by denying his motion for referral to the Arizona Supreme Court, and by depriving him of knowledge about court proceedings. As noted above, the trial court did not abuse its discretion in denying the cross-claim. Further, the record does not reflect that Bodine was denied due process in this matter. Instead, the trial court delayed the valuation hearing and ordered the parties to provide Bodine with documents.

¶13 With regard to Bodine's motion for referral to the supreme court, the trial court did not lose jurisdiction to rule in this case for an asserted violation of Article 6, Section 21 of the Arizona Constitution, as Bodine argued below. That provision was not implicated in this case.

¶14 Bodine further argues that National withheld documents and pleadings from him, but does not specify which documents or pleadings National allegedly withheld. We find no error.

¶15 Finally, Bodine argues that the trial court abused its discretion when it determined the fair market value of the property because 1) he did not have the opportunity to make his case about the fair market value of the property, 2) because National delayed the sale of the property, 3) because the property was more valuable than found by the trial court, and 4) because National sold the property at auction instead of listing it. The record reflects that Bodine participated in the valuation hearing, examined the witnesses, and made arguments to the trial court regarding the fair market value of the property. We find no abuse of discretion on this issue. Bodine cites no authority to support his arguments about the sale being delayed or about the propriety of sale by auction, and we do not consider these arguments. The trial court did not abuse its discretion in valuing the property at $85,000 in light of the evidence in the record.

¶16 National requests its attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 and pursuant to the note and deed of trust. We award National its attorneys' fees subject to its compliance with ARCAP 21.

## CONCLUSION

¶17 For the foregoing reasons, we affirm the decision of the trial court.



Ruth A. Willingham · Clerk of the Court
FILED: MJT